## WARD v. MONTGOMERY.

TAXES.—*Assessment of.*—*Action to Quiet Title.*—*Evidence.*—*Tax Deed.*—*Personality should be first Sold.*—Where a tax deed fails to show that the personal property of the delinquent had been exhausted before the sale of his real estate, or that he had no such property, such deed, unless accompanied by proper evidence of such fact, is inadmissible as evidence of title.

SAME.—*Defect in Tax Deed.*—*Remedy of Holder.*—*Decree.*—Where, in such

action, through defects in his tax deed, the holder fails to establish his title to the real estate, he is entitled to have a decree against the realty for the amount found due him, under the provisions of section 257, 1 R. S. 1876, p. 129.

From the Montgomery Circuit Court.

*W. H. Thompson* and *J. M. Thompson*, for appellant.

*J. M. LaRue*, for appellee.

PERKINS, C. J.—Suit by Ward, plaintiff and appellant, to quiet title to a tract of land he holds by virtue of a tax sale and deed.

Answer in general denial.

On the trial, the plaintiff offered in evidence his tax deed. The defendant objected to its admission, till proof had been made showing that the sale, on which the deed was given, was legal. And the bill of exceptions states, " Said plaintiff making no offer to prove said precedent steps then or at any other time, the court sustained the objection, and excluded the deed."

There was no error in this. The court pursued the correct practice. It did not exclude the evidence, till it had given the party offering the item time to say whether he could, in the course of the trial, supply the further proof necessary to make the deed available as evidence. *The Pittsburgh, etc., R. W. Co.* v. *Conway, ante,* p. 52.

Personal property, if such is possessed by the owner of the realty, within the jurisdiction of the officer, must be sold for taxes before the realty. *Abbott* v. *Edgerton,* 53 Ind. 196. And unless the tax deed shows that such was the fact, or that personal property could not be found, proof *aliunde* of the facts must be given on the trial, before the tax deed is of any force as evidence of title. *Ellis* v. *Kenyon,* 25 Ind. 134, is in point. The tax deed is evidence only of the facts recited in it. 1 R. S. 1876, p. 123, sec. 224; and the deed in question made no recitation on the subject of personal property.

The court then proceeded, under section 257, 1 R. S.

1876, p. 129, to ascertain the amount due the plaintiff, and gave him a decree therefor. The defendant excepted. The action of the court was within the statute.

The judgment is affirmed, with costs, etc.