## Flinn v. Parsons, Adm'r, et al.

**Tax Title.**—*Remedy of Holder, where Title is Invalid.*—Under section 257 of the act of December 21st, 1872, 1 R. S. 1876, p. 72, in relation to the assessment of taxes, the holder of an invalid tax title is entitled to twenty-five per cent. interest on the amount paid by him, even where such tax title is based on a sale made before the enactment of such statute.

**Same.**—*Act of 1852.—Act of 1872.—Repeal of Statute.*—Such section is retrospective in its action, and takes the place of section 173 of the act of June 21st, 1852, 1 G. & H., p. 68, in relation to the assessment and collection of taxes.

**Same.**—*Remedy.—Constitutional Law.*—Such sections, being merely remedial in their character, may be repealed by the Legislature.

| 60 | 573 |
| 136 | 133 |
| 60 | 573 |
| 137 | 152 |
| 60 | 573 |
| 143 | 403 |

From the Grant Circuit Court.

*J. Brownlee* and *H. Brownlee*, for appellant.

*A. Steele* and *R. T. St. John*, for appellees.

Niblack, C. J.—On the 6th day of February, 1871, Peter G. Flinn became the purchaser of a tract of land in Grant county, at a sale of lands in that county for de-

linquent taxes. On the 9th day of March, 1874, he sur-·· rendered his certificate of purchase to the auditor of the county, and received a deed from the auditor for said tract of land. On the 1st day of December, 1877, the said Flinn commenced this suit against Jonathan W. Parsons, administrator of the estate of Andrew F. Seward, deceased, Margaret Seward, the widow, and several other persons as the children of said deceased, to have his title, under his said deed, quieted.

There was an answer in general denial, and a trial by the court.

On the trial, Flinn introduced his deed in evidence, and thereupon admitted that it was invalid to establish title· in him to the land sued for. He then proceeded to make proof of the amount of taxes he had paid from time to time on said land, since his purchase of it, including the amount paid by him as purchase-money at the tax sale, showing that he had paid the aggregate sum of five hundred and seventy-nine dollars and ninety-four cents, which the court found to be due him, with six per cent. interest thereon, making a total sum of seven hundred and fifty-eight dollars and two cents, principal and interest. Flinn then moved for a new trial, insisting that he was entitled to interest at the rate of twenty-five per cent. per annum, under the statute, instead of six per cent., as allowed by the court.

The court, however, overruled the motion for a new trial, and decreed the amount found due to Flinn to be a lien on the land in suit; also decreeing a sale of the land, in case of non-payment of the amount so found to be due.

The only question presented here is as to the amount of interest which ought to have been allowed by the court in ascertaining the sum due Flinn for the purchase-money and taxes paid by him, as above set forth.

The statute, bearing on that question, which was in force at the time the land was sold for taxes, was as follows:

"If any conveyance for taxes shall prove to be invalid, and ineffectual to convey title * * * the lien which the State has on such lands, shall be transferred to and vested in the grantee, his heirs and assigns, who shall be entitled. to recover from the owner of such land the amount of taxes, interest and penalty, legally due thereon at the time of sale, with interest, together with the amount of all subsequent taxes paid, with interest, and such lands shall be bound for the payment thereof." 1 G. & H., p. 111, sec. 173.

On the 21st day of December, 1872, an act was passed concerning the assessment and collection of taxes, which contained, amongst many others, the following section:

"Any person holding any deed of lands, executed by the county auditor for the non-payment of taxes, may commence a suit in the circuit court of the county where such lands lie, to quiet his title thereto, without taking possession of such lands, and all parties who have, or claim to have, or appear of record in the recorder's office of the county where such land is situated to have any interest in such land, may be made defendants in such suit; * * * and if, upon hearing of such cause, it shall appear that the complainant's title was invalid * * * such suit shall not be dismissed by the court, but the court shall ascertain the amount due to the complainant for principal and interest to be computed at twenty-five per cent. per annum, and shall decree the payment thereof within a reasonable time by the owner of such land, and in default thereof shall direct that such land be sold therefor," etc. 1 R. S. 1876, p. 129, sec. 257.

The act lastly above . referred to also provided, that "All laws, or parts of laws, in conflict with the provisions of this act, are hereby repealed." 1 R. S. 1876, p. 139, sec. 300.

Section 173, 1 G. & H., p. 111, quoted above, having been thus repealed by the act of December 21st, 1872, without, any saving clause as to existing. remedies for invalid tax

sales of lands, the appellant is without remedy unless he is entitled to proceed under the new section, 257, also above set out.

Said section 173 was entirely remedial in its character, and without it no remedy would have been afforded, during its existence, to purchasers at invalid tax sales or to holders of invalid tax deeds. Being thus remedial only, it was clearly competent for the Legislature to repeal it, and either take away the remedy it afforded altogether, or to substitute a new and different remedy in its stead. Jones v. Hopkins, 26 Ind. 450; Webb v. Moore, 25 Ind. 4; Andrews v. Russell, 7 Blackf. 474; Wood v. Kennedy, 19 Ind. 68; Henderson v. The State, ex rel., etc., 58 Ind. 244.

Statutes must be construed as having a prospective operation, unless a different intention is plainly expressed. Hopkins v. Jones, 22 Ind. 310; Pritchard v. Spencer, 2 Ind. 486.

But the new section, 257, above referred to, was, we think, intended as a substitute for the repealed section, 173, and to have a retrospective operation. It enacts, that "Any person holding any deed of lands, executed by the county auditor for the non-payment of taxes," may proceed in accordance with its provisions. It seems to have been intended to apply, in the most comprehensive terms, to the holders of all tax deeds, without reference to the time at which any of the tax sales took place.

The deed in the case before us, not having been executed until after the enactment of this new section, must, in any event, be held by us to entitle the holder to the remedy provided for in such section.

Flinn was therefore entitled to have his interest computed at twenty-five, instead of six, per cent. per annum, and the court erred in overruling his motion for a new trial.

The judgment is reversed, at the costs of the appellees, and the cause remanded for a new trial.

Petition for a rehearing overruled.