## McWHINNEY v. BRINKER.

UNITED STATES COURTS.—*Removal of Cause from State Court.—Application and Bond.*—A court of this State has the right to judicially pass upon the sufficiency of an application to remove a cause pending therein to a United States court, and of the bond accompanying the same.

TAX SALE.—A sale of land for taxes legally assessed may be illegal and void.

SAME.—*Sale Without Demand for Personalty.—Action to Set Aside.—Tender of Redemption Money.—Evidence.*—A sale of land for taxes, without a demand upon the owner for personal property, of which he has sufficient subject to levy and sale, is illegal and void ; but, in an action to set aside such sale, and to declare the certificate thereof void, the plaintiff must both plead and prove a tender of the amount necessary to redeem.

SAME.—*Liability of County to Purchaser.*—A decree setting aside such sale as void renders the county liable to the defendant, for the amount paid by him, unless he has received the same from the plaintiff.

SAME.—*Judgment.—Land Illegally Sold Still Liable.*—The court has no power, in an action to set aside an illegal sale for legally assessed delinquent taxes, to decree the lands to be discharged from the lien of such taxes, as, under section 227 of the assessment act, 1 R. S. 1876, p. 124, the lands should be again placed upon the delinquent list.

From the Grant Circuit Court.

J. T. Lecklider and O. S. Hadley, for appellant.

A. Steele and R. T. St.John, for appellee.

McWhinney v. Brinker.

PERKINS, J.—This was a suit commenced in the Grant Circuit Court, to set aside a tax sale of the following lands, and to obtain a decree declaring them discharged of a lien for money paid on the sale for taxes, etc., viz.:

"The south-west quarter of the north-west quarter, and the north-west quarter of the south-west quarter, and the south half of the south-west quarter, of section thirty-three, in township twenty-five north, in range eight east, containing one hundred and sixty acres more or less; also the east half of the south-east quarter of section thirty-two, in said township and range, containing eighty acres."

The complaint charged that said lands were illegally sold for taxes, specifying the points of illegality, one of which was that no demand for personal property was made, and averred that the plaintiff had duly tendered to the treasurer of said county, and to the defendant, the purchase-money paid at said sale, and the interest and penalties, and that he brings the amount into court, etc.

The appellee filed a demurrer to the complaint, assigning the following causes therein :,

1. The complaint does not state a cause of action;

2. Defect of parties defendants;

3. Defect of parties plaintiffs;

4. The court has not jurisdiction of the defendant in, nor of the subject-matter of, the suit;

5. The plaintiff has not legal capacity to sue; and,

6. Misjoinder of causes of action.

The demurrer was overruled and an exception entered.

An application for the removal of the cause to the United States Circuit Court was denied.

Thereupon the defendant answered :

1. The general denial; and,

2. As follows: "The defendant, Frank McWhinney, further answering said complaint, says, the plaintiff elected to and did pay, on or before the third Monday of

April, 1874, one-half of all the taxes levied upon the lands in the complaint described and collectible by the said county treasurer; that said lands were sold for the November instalment of taxes for the year 1873, and the taxes of the current year 1874; that the said sale to this defendant was in February, 1875; that complainant paid the first instalment of the said taxes due in April, 1874; that plaintiff assented to, and concurred in, the levy and assessment of said taxes, as therein charged on the said treasurer's books. Wherefore defendant prays judgment and all relief," etc.

Reply in general denial.

Trial by the court; finding for the plaintiff, " and that said sale for taxes, and the certificate of purchase thereon, made by the auditor and treasurer of said Grant county, Indiana, of the lands in complaint specified, were illegal and void," etc.

A motion for a new trial, for the reason that the finding was contrary to the evidence and the law, was overruled, and exception reserved.

A motion in arrest followed, which was also overruled, and exception noted, and judgment upon the finding entered.

The assignment of errors is as follows:

1. Denying the application to remove the cause to the United States Court;

2. Overruling the demurrer to the complaint;

3. Overruling the motion for a new trial;

4. Overruling the motion in arrest of judgment; and,

5. Rendering judgment for the appellee.

As to the first assignment of error:

The court below held the petition and bond presented on the application for removal insufficient, and for that reason denied the removal. It was competent and proper for the State court to pass judicially upon the sufficiency of the

petition for removal and the bond accompanying it, and to deny the removal if they were insufficient. There has been great diversity of judical decision upon this question, but the Supreme Court, of the United States has settled the question in favor of the power of the State courts to decide upon the sufficiency of the application. *Insurance Company* v. *Pechner*, 5 Otto, 183 ; *Amory* v. *Amory*, 5 Otto, 186 . See *Carswell* v. *Schley*, 59 Ga. 17. The Supreme Court of this State had decided the question the same way, at the May term of said court, 1875. *The Indianapolis, etc., R. W. Co.* v. *Risley*, 50 Ind. 60 ; *The Baltimore, etc., R. W. Co.* v. *The New Albany, etc., R. R. Co.,* .53 Ind. 597.

. The second alleged error does not appear to us to be well assigned. We see no objection to the complaint. It will be observed that an illegal and void sale of land may take place for the collection of taxes legally assessed.

The error thirdly assigned, we think, exists. The motion for a new trial should have been sustained. The complaint in the case was not' proved. No evidence of the tender averred in it was produced upon the trial. This averment was material, and its proof essential, to the plaintiff's recovery. The sale was shown to have been illegal. It was proved that no attempt was made to find personal property, before the sale of the real, though there was plenty of it upon the premises. See *Ellis* v. *Kenyon*, 25 Ind. 134. But proof that the sale was illegal was not enough to entitle the plaintiff below, the appellee here, to recover. The appellee was the owner of real estate sold for taxes. No deed had been made to the purchaser of the land. The time given the owner by the statute, in which to redeem, had not expired. He was still in possession, but he was seeking, in this suit, to have that sale set aside and his land freed from liability to pay said taxes. He was seeking this upon the equity side of the court, and in his complaint recognized the ancient but still living maxim,

that he who seeks equity must do equity, and averred a tender of the money paid upon the tax sale; but, on the trial, he failed to prove this averment. If the sale was set aside as void, the county would be liable to refund the money received on the sale to the purchaser. Hence the owner of the property, in a suit like this, should pay to the county what it would be liable to refund to the purchaser, or he should pay such sum to the purchaser.

Section 227 of the act for the assessment of taxes, 1 R. S. 1876, p. 124, is as follows:

"Whenever the county auditor shall discover, prior to the conveyance of any lands sold for taxes, that the sale was, for any cause whatever, invalid, he shall not convey such lands; but the purchase-money and interest thereon shall be refunded out of the county treasury to the purchaser, his representatives or assigns, on the order of the county auditor; and such land, if originally liable to taxation, and being still delinquent, shall again be placed on the delinquent list, and the amount so refunded, with interest, be collected as in other cases."

The lands in question were liable to taxation: hence the court could not, in this suit, decree them discharged from the payment of said taxes. See, also, other sections of the same act, and *Ward* v. *Montgomery*, 57 Ind. 276.

The case of *Harrison* v. *Haas*, 25 Ind. 281, is directly in point. The syllabus of that case is this: "Suit to enjoin the execution of a deed under a sale for taxes, and to remove the cloud from the title. The complaint alleged that the sale was illegal, because there was personal property out of which the taxes might have been made.

"*Held,* that a court of equity will not interfere to give the relief sought, until the amount of the taxes has been paid or tendered to the purchaser," or, we may add, to the county for the purchaser.

In the opinion of the court it is said, the plaintiff "asks a court of equity to place him in a better position than he would have occupied if he had at the proper time paid the taxes legally assessed against him, and which were a lien upon his land: that the court shall remove the cloud without the payment of the debt. * * It will not so much as lift a finger to remove a cloud while a moral obligation remains undischarged."

The judgment is reversed, with costs; cause remanded for further proceedings in accordance with this opinion.