No. 7915.

## HOSBROOK *v.* SCHOOLEY, ADMINISTRATOR, ET AL.

TAX TITLE.—*Interest on Taxes Paid by Holder.*—The holder of an invalid tax title to land sold for taxes is entitled to twenty-five per cent. interest per annum on the amount of taxes paid by him on such land, under section 257 of the act relating to the assessment of taxes, 1 R. S. 1876, p. 72.

From the Marion Circuit Court.

*L. Barbour,* for appellant.

BEST, C.—Thomas Schooley, one of the appellees, as administrator of the estate, of Joseph A. Yancey, deceased, brought this suit against his co-appellees, as heirs of the decedent, to obtain an order to sell the real estate described in his complaint, for the payment of the decedent's debts, and against the appellant because he claimed a lien upon, or an interest in, said realty. The appellant appeared and filed a cross complaint, in which he claimed title to said land through a tax deed made August 28th, 1877. Issues were formed, submitted to the court, and a finding made that the appellee Schooley was entitled to an order to sell the land, as against all the other parties; that appellant's title was invalid, but that he was entitled to the sum of $654$\frac{55}{100}$, to be first paid out of the proceeds of said sale. The appellant moved for a new trial, because the amount assessed in his favor was too small; but the court overruled his motion, and he reserved an exception. Final judgment, from which he appeals, and assigns as error the ruling of the court in refusing to sustain his motion for a new trial.

The only question in the case is as to the amount of interest appellant should have been allowed. The evidence is in the record, and shows that interest was computed upon the amount of taxes paid by him upon the land at the rate of six, instead of twenty-five, per centum per annum. The case made, as it seems to us, presents the same question that

was decided by this court in *Flinn* v. *Parsons*, 60 Ind. 573, and in *Duke* v. *Brown*, 65 Ind. 25, in each of which it was held that the purchaser was entitled to interest at the rate of twenty-five per cent. per annum. The ruling in the case below was made after the above cases were decided, and we have been somewhat apprehensive that some reason existed, why the rule therein announced was not applicable to this case ; but, unaided by the appellee, who has not filed a brief, we have been unable to discover any, and therefore conclude that the court erred in not allowing interest at the greater rate.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be, and it is hereby, in all things reversed, at the costs of the appellee Schooley ; cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings.