No. 7750.

## LAWSON ET AL. *v.* HILGENBERG.

PRACTICE.—*Supreme Court.*—*New Trial.*—*Recovery.*—No question can be presented in the Supreme Court as to the amount of the recovery, unless the proper reason is stated in the motion for a new trial.

SAME.—*General and Special Findings.*—The statement of facts in a general finding does not transform it into a special finding.

SAME.—*Invalid Tax Deed.*—*Lien.*—In an action founded on a tax deed which proved invalid, the record not showing the contrary, the Supreme Court will presume that the court below did what the statute, 1 R. S. 1876, pp. 121, 129, secs. 211, 256 and 257, authorized it to do.

Lawson *et al. v.* Hilgenberg.

SAME.—*Presumption.*—All presumptions are in favor of the legality and regularity of the proceedings of the trial court; and, in the absence of the evidence, the Supreme Court will presume that the trial court decided correctly upon questions of evidence.

From the Marion Circuit Court.

*J. T. Roberts, B. F. Davis, J. S. Harvey, G. W. Galvin* and *S. A. Huff*, for appellants.
*J. T. Lecklider*, for appellee.

ELLIOTT, J.—This was an action for the recovery of real estate, and was prosecuted by the appellee, against the appellants. The court tried the cause and entered a judgment in appellee's favor for several sums of money paid out for taxes, and declared a lien therefor upon the real estate described in the complaint.

The questions presented by this appeal arise upon the ruling refusing a new trial. It is evident, from the judgment, that appellee's action was based upon a tax deed. We gather this from the facts stated in the record, and we must presume in favor of the rulings of the court below, that this was the character of the action. The evidence is not in the record, and the complaint does not state the character of appellee's title.

The motion for a new trial does not assign, as a cause, error in the amount of the recovery. If it did, a serious question might, perhaps, be presented. Appellee has voluntarily entered a remittitur, which would probably have cured the error, if one had been committed in fixing the amount of the recovery. We need not, however, investigate this question, for it is firmly settled that no question can be presented as to the amount of the recovery, unless the proper reason is stated in the motion for a new trial.

It is said that the finding of the court is outside of the issues, and the finding is spoken of as if it had the same effect as a special finding. In treating the statement of facts contained in the judgment as equivalent to a special finding, coun-

sel are in error. The statement of facts in a general finding does not transform it into a special finding. We know that the statute in force when this cause was tried authorized the court, in actions founded on a tax deed which proved to be invalid, to render judgment in favor of the grantee for the amount paid out for taxes and improvements; and to make the amount a lien upon the real estate upon which the taxes were assessed. Secs. 211, 256, 257; *Ward* v. *Montgomery*, 57 Ind. 276; *Flinn* v. *Parsons*, 60 Ind. 573; *Duke* v. *Brown*, 65 Ind. 25. There is nothing in the record showing that the finding and judgment of the trial court were not in conformity to this statute; and, as all presumptions are in favor of the legality and regularity of that court, we must presume that the court did what the statute authorized it to do.

Counsel assert that the deeds, upon which Hilgenberg's claim was founded, were for city taxes, and that the sections of the general tax law referred to do not apply. We can not consider this point, for the reason that the evidence is not in the record. In the absence of the evidence, we must presume that the court did right, and that the deeds were such as came within the statutory provisions governing the subject-matter of the action.

Judgment affirmed, with costs.

Opinion filed at May term, 1881.
Petition for a rehearing overruled at November term, 1881.