Sloan v. Sewell.

———————

No. 9156.

SLOAN v. SEWELL.

PRACTICE.—*Objection to Evidence.*—No other objections to the admission of evidence than those stated to the trial court will be considered on appeal.

TAX SALE.—*Description of Land Sold.*—*Enforcement of Lien.*—Where the description in the certificate and deed of the real estate sold for delin-

quent taxes, is such as would enable a competent person to identify and locate the particular land intended to be conveyed, it is sufficient to entitle the purchaser to enforce a lien against the land for the principal, interest and penalty of the sum paid by him.

SAME.—*Imperfect Description.*—The fact that land subject to taxation is imperfectly described will not preclude the purchaser at the tax sale from maintaining an action to enforce a lien against the land intended to be listed and sold.

SAME.—*Lien Where Owner Has Personal Property.*—The fact, that the owner of real estate sold for delinquent taxes had personal property in the county subject to sale, will not prevent the purchaser from obtaining a lien on the land for the amount paid by him, including    terest and penalty.

From the Fountain Circuit Court.

*J. B. Martin* and *S. F. Wood,* for appellant.

*H. H. Dochterman,* for appellee.

ELLIOTT, C. J.—The only questions which require consideration are those arising upon the ruling denying a new trial.

The claim of the appellee, who was the plaintiff below, is for money paid to the county officers upon property purchased by him at a tax sale. The court refused to decree title in him, but did adjudge that he was entitled to enforce a lien against the land of the appellant, for the principal, interest and penalty of the sum paid by him. In support of his complaint, the appellee introduced in evidence, a certificate and deed issued to him by the county auditor. A single objection was made to their introduction, and this is the only objection which can be considered here. It is a familiar rule of practice, that no other objections than those stated to the trial court can be considered on appeal. The objection stated was, that the description contained in the certificate and deed was so imperfect as to be void. We can not regard the description as so insufficient as to render the instruments entirely void, and the objection does not present any question of variance between the description stated in the complaint and that set forth in the instruments offered in evidence. The description is such as would enable a competent person to identify and locate the

particular land intended to be conveyed, and this would save it in any case, certainly in a case where only a lien is declared for taxes paid by the party asserting the claim. As will be hereafter shown, a very liberal rule applies to such cases as the present. Descriptions not more accurate have been sustained even where the party was undertaking to build an absolute title upon them. Cooley Taxation, 282, 285; *Gilman* v. *Riopelle*, 18 Mich. 145; *Major* v. *Brush*, 7 Ind. 232; *The Jordan, etc., Association* v. *Wagoner*, 33 Ind. 50.

The fact, that the appellant had personal property, does not preclude the appellee from enforcing against the real estate a lien for the taxes paid by him. The fact that the taxpayer had personal property within the county, subject and open to seizure, might prevent the purchaser at the tax sale from acquiring a title, but it will not prevent him from obtaining a lien on the land for the principal, interest, and penalty of the taxes paid by him. *Bender* v. *Stewart*, 75 Ind. 88; *Hosbrook* v. *Schooley*, 74 Ind. 51; *Ward* v. *Montgomery*, 57 Ind. 276; *McWhinney* v. *Brinker*, 64 Ind. 360. The statute expressly creates and provides for the enforcement of a lien in such cases. *Flinn* v. *Parsons*, 60 Ind. 573.

The fact, that the land subject to taxation is imperfectly described, will not preclude the purchaser at the tax sale from maintaining an action to enforce a lien against the land intended to be listed and sold. *Cooper* v. *Jackson*, 71 Ind. 244; *Flinn* v. *Parsons, supra.* A taxpayer ought to know the description of his own property, and if he finds it imperfectly described, there is ample provision for remedying the defect. He should not be allowed to escape the burden of taxation upon the ground that there is a defect in the description of his property. *Noble* v. *City of Indianapolis*, 16 Ind. 506; *Ronkendorff* v. *Taylor*, 4 Peters, 349; *Woodside* v. *Wilson*, 32 Pa. St. 52.

We find no error in the record, and therefore affirm the judgment.