Crecelius *et al. v.* Mann.

No. 8206.

CRECELIUS ET AL. *v.* MANN.

REAL ESTATE.—*Action to Recover.—Counter-Claim.—Taxes.*—In an action for the recovery of the possession of real estate, it is error to sustain a demurrer to a counter-claim by the defendant averring a purchase of the real estate at a delinquent tax sale, possession thereof under a tax deed and the making of valuable improvements, praying that his title be quieted, otherwise that a lien be declared in his favor for taxes, etc. In such action it is proper to plead specially where affirmative relief is sought.

TAXES.—*Sale of Real Estate.*—*Lien.*—Although a sale of real estate for delinquent taxes may be void, the purchaser is entitled to have and enforce a lien for the taxes paid by him. The purchaser at such sale succeeds to the lien of the State.

PLEADING.—*Practice.*—A pleading which states facts entitling the pleader to some relief, although not to all demanded, is sufficient on demurrer.

From the Crawford Circuit Court.

*B. P. Douglass, S. M. Stockslager* and *S. D. Luckett,* for appellants.

*N. R. Peckinpaugh, W. T. Zenor, W. T. Jones* and *S. J. Wright,* for appellee.

ELLIOTT, J.—The complaint of the appellee is for the recovery of the possession of real estate, and is in the usual form. The appellants answered the general denial, and also filed a counter-claim, to which the appellee demurred, and his demurrer was sustained.

The counter-claim alleges that the land described in the complaint was sold for taxes on the 7th day of February, 1871; that one Deitch became the purchaser at such sale, and received a certificate; that afterwards the appellants purchased the certificate and received a deed thereon from the auditor of the county; that, under color of title conveyed by such deed, they entered into the possession of the land and made valuable and permanent improvements thereon. The prayer is that the appellants' title be quieted, or, if this relief can not be awarded, then that they be adjudged to have a lien for the taxes paid by them, with the interest and penalty thereon, and that an allowance be made for the improvements placed on the land by them.

The appellee insists that if the counter-claim is good, still no harm was done by the ruling upon the demurrer, for the matters set forth in the counter-claim were available under the general denial. We are not of this opinion. The matters pleaded in the counter-claim entitled the appellants to affirmative relief, and they had a right to distinctly and separately present their claim. They had a right to submit for the judg-

ment of the court their demand to an establishment of their lien for the taxes paid by them, as well as their claim for money expended in making improvements while in possession under color of title. In *Emily* v. *Harding,* 53 Ind. 102, it was held that, in actions for the recovery of real estate, it is proper to plead specially where affirmative relief is sought.

The facts stated in the counter-claim do not show title in the appellants, but the pleading does show that they are entitled to have a lien declared for the taxes paid by them, together with the penalty and interest thereon. It is expressly declared by statute, and has often been decided by this court, that, although the tax sale may be utterly void, the purchaser at such sale will be entitled to hold and enforce a lien for the taxes paid by him. The theory of the law is that the purchaser at such sale succeeds to the lien of the State. *Hosbrook* v. *Schooley,* 74 Ind. 51 ; *Cooper* v. *Jackson,* 71 Ind. 244 ; *Lawson* v. *Hilgenberg,* 77 Ind. 221 ; *Ward* v. *Montgomery,* 57 Ind. 276 ; *Flinn* v. *Parsons,* 60 Ind. 573 ; *Sloan* v. *Sewell,* 81 Ind. 180. Where a complaint or a counter-claim states facts showing that the pleader is entitled to some relief, although not to all demanded, it will repel a demurrer. *Bayless* v. *Glenn,* 72 Ind. 5 ; *Teal* v. *Spangler,* 72 Ind. 380.

Judgment reversed, with instructions to overrule the demurrer to the counter-claim.