No. 9910.

SCHRODT v. DEPUTY.

TAXES.—*Sale of Real Estate.*—*Ownership.*—A sale of land for delinquent taxes is not invalid because the land was listed or charged on the tax duplicate in some other name than that of the true owner.

SAME.—*Personal Property.*—*Title.*—Where the owner of land sold for taxes has personal property in the county out of which the taxes could have been made, the sale is illegal and the purchaser does not obtain title.

From the Gibson Circuit Court.

*R. M. J. Miller*, for appellant.

*W. H. Trippett*, for appellee.

BICKNELL, C. C.—The appellant brought this action against the appellee to obtain the possession of land. The complaint averred that on and before January 1st, 1873, one Denham was the owner of the land, and that the same then and for four years afterwards stood in Denham's name on the books of the county auditor; that in 1875 the land was sold by the county treasurer to Francis W. Hauss for the taxes of 1873 and 1874; that Hauss obtained a tax deed in 1877, and sold the land to Wilson in 1879, who sold the land to the plaintiff, who is the owner and entitled to the possession thereof, and that the defendant holds possession without right, etc. The defendant answered in two paragraphs, to wit:

1. The general denial.

2. That in February, 1872, he became the owner of the land in fee, under a conveyance to him by the sheriff of the county, who had previously and legally sold the same upon execution; that he took his conveyance to the county auditor on the 10th of February, 1873, to have the land transferred for taxation, and said auditor pretended and represented to him that said land had been so transferred, and wrote on the back of the conveyance the words, " Duly entered for taxation February 10th, 1873. J. C. Holcomb, auditor"; that defendant paid him therefor, and had his conveyance recorded in the office of the county recorder on the 11th day of February, 1873; that defendant for ten years past has owned many tracts of land in Gibson county, and has always paid his taxes as they became due, and supposed that the land in controversy was duly taxed to him, and that he was paying his taxes thereon; that during the years 1873, 1874 and 1875 he had personal property in said county to the amount of $1,000, upon which said taxes could have been levied, but none was demanded of him; that said taxes were never demanded of him; that at the time of said sale for taxes the records of the county showed that said land belonged to defendant, and that said Hauss, when he bought at said tax sale, knew that the land belonged to defendant.

This second paragraph was accompanied by a tender of the amount paid by Hauss, with the penalty and interest. The plaintiff demurred to said second paragraph of answer; the demurrer was overruled by the court; the plaintiff replied in denial. The issues were tried by the court, who found for the defendant, and that the plaintiff was entitled to a lien on the land for $15.95 on his tax title. Judgment was rendered upon the finding, with costs for the plaintiff. The judgment shows that the defendant paid into court for the use of the plaintiff the said sum of $15.95, and that the land was then declared freed from the lien.

The plaintiff appealed. He assigns for error that the court

erred in overruling his demurrer to the second paragraph of the defendant's answer. He claims that the tax sale and the tax deed conveyed a good title, notwithstanding that personal property of the owner might have been levied upon.

The general intention of the law is that real estate shall be listed and assessed to its owner. 1 R. S. 1876, pp. 97, 98, secs. 102, 103; p. 73, sec. 3; p. 76, sec. 15; p. 79, sec. 38; p. 114, sec. 170. It may be taxed in the name of the occupant, if the owner be unknown; if unoccupied it may be listed in the name of the owner, if known; otherwise, as land of persons unknown. 1 R. S. 1876, p. 80, secs. 39, 40.

Sales for taxes are not invalid because the land was listed or charged on the duplicate in some other name than that of the owner. 1 R. S. 1876, p. 125, sec. 230; *Cooper* v. *Jackson*, 71 Ind. 244. But where the owner of land has personal property in the county out of which the taxes can be made, a sale of the land is illegal. *Sharpe* v. *Dillman*, 77 Ind. 280; *McWhinney* v. *Brinker*, 64 Ind. 360; *Cones* v. *Wilson*, 14 Ind. 465; 1 R. S. 1876, p. 111, sec. 155.

There was, therefore, no error in overruling the demurrer to the second paragraph of the answer. The judgment should be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant.