Locke v. Catlett et al.

No. 11,325.

LOCKE v. CATLETT ET AL.

96 291
147 572

96 291̄
149 436

TAXES.—*Sale of Land for.*—*Quieting Title.*—*Complaint.*—*Lien of Purchaser.* —*Deed.*—*Recitals.*—*Exhibit.*—*Personal Property.*—A complaint by a purchaser at a sale of lands for taxes under the act of 1872, to quiet his title or enforce a lien for the taxes paid, which undertakes to state the particulars of his title, is bad to quiet title unless it aver compliance with every requirement of the law required to make a valid sale, but it is good to enforce the lien unless the sale is void for the reasons enumerated in section 255, 1 R. S. 1876, p. 128, and so, also, if the tax deed be made part of the complaint, if the deed do not recite that personal property of the land-owner could not be found, or had been exhausted.

From the Superior Court of Vanderburgh County.

A. Iglehart, J. E. Iglehart and E. Taylor, for appellant.

A. C. Turner, W. W. Ireland, C. Denby and D. B. Kumler, for appellees.

BICKNELL, C. C.—The appellant filed a complaint against the appellees to quiet his title to land in Evansville, which he had purchased from the county auditor at private sale for taxes, or else to enforce the plaintiff's lien upon said land for the money paid by him.

The first paragraph of the complaint alleged a purchase from the auditor at private sale for $246.71, of land previously offered at public sale by the county treasurer for taxes due and unpaid, but unsold for want of bidders, having become delinquent for the taxes from 1872 to 1879 inclusively, amounting to $216.71; that said sale was made in conformity to law, and that plaintiff took a certificate of his purchase; that the time of redemption having expired, and said land not being redeemed, the county auditor, on September 30th, 1882, made plaintiff a deed for the land, which was duly recorded; that plaintiff afterwards paid the taxes on said land for 1880 and 1881, in all $40.29.

The second paragraph of complaint alleged that the land was duly entered for taxation in the names of the appellees,

and taxes were duly levied thereon for each of the years from 1872 to 1879, inclusively, and were returned delinquent for each of said years, not having been paid; that the land was duly offered at public sale by the county treasurer each year, due notice thereof having been given at the proper time and place, for the taxes, penalty, interest and costs, accruing for each current year, and the delinquent taxes for previous years, and was not sold for want of bidders, and that on the 9th of February, 1880, at the court-house door of the county, due notice having been given for the delinquent taxes thereon due, together with interest, penalty, costs and charges for the year 1879 and said previous years, and said land not being sold for want of bidders, the same was, on September 13th, 1880, duly sold by said auditor at private sale, pursuant to section 247 of the act of the General Assembly of Indiana, approved December 21st, 1872, to this plaintiff, for $246.71, that being the amount of taxes, penalty, interest and costs then due; that plaintiff paid said sum to the county auditor and took from him a certificate of purchase; that the time for redemption having expired, and said land not having been redeemed, said auditor, on September 30th, 1882, made plaintiff a deed for the land. This paragraph sets out a copy of the deed, which is in the form prescribed by the statute for deeds to be made on public sales, except that it states a private sale instead of a public one, and recites that " the land, having been previously offered at public sale, to wit, on the 9th day of February, 1880, and having failed to sell for want of bidders, was thereby forfeited to the State of Indiana, legal publication having been made of the sale of said lands on the said 9th day of February, 1880, and none of the clauses of the 154th section of chapter 6, R. S. 1852, applying to said land."

This paragraph states that said deed was dated and acknowledged on September 30th, 1882, and was duly recorded, and that the plaintiff thereby became the owner of the land, but that defendants have possession and refuse to recognize his

title; that plaintiff has paid $40.29 for the taxes of 1880 and 1881, and that no part thereof has been refunded to him. Wherefore plaintiff prays that if not entitled to the possession of the land he may have judgment for the principal, interest and penalty of the sums so paid by him, to wit, for $1,000, and that the same be declared a lien, etc.

The only difference in the prayer of these paragraphs is, that in the first paragraph there is a demand that the title be quieted. The defendants demurred jointly and severally to each paragraph of the complaint, and these demurrers were sustained. The plaintiff declined to amend the complaint, and judgment was rendered against him on the demurrers. He appealed. The error assigned is sustaining said demurrers. The claim of the appellant to be quieted in his title is founded upon sections 235 and 236, 1 R. S. 1876, p. 125, and sections 247, 248 and 249, 1 R. S. 1876, p. 127.

Section 235 provides that "In case sales of any land for taxes shall not be perfected for want of bidders, the same shall be considered forfeited to the State, to be disposed of as may be provided by law; and until so disposed of or redeemed shall be continued on the duplicate, charged with all arrearages for which it was so forfeited, and interest; and shall be annually assessed and charged with all accruing taxes, penalties and interest, as other lands."

Section 236 provides that "Such lands shall be annually offered for sale, and on the same terms as other delinquent lands; and until sold for the amount of all arrearages may be redeemed," etc.

Section 247 is as follows: "Any forfeited or unsold tax land may be purchased at private sale, upon application therefor to the proper county auditor, and upon paying to the county treasurer, on the certificate of the county auditor, the amount for which the same was or should have been first offered, with interest upon said amount at ten per cent. per annum, to be computed from the date at which said land was

or should have been so offered to the time of making such application and payment."

Section 248. "Upon application and payment being made as above provided, the auditor shall execute to such purchaser a certificate conveying the same interest in and to said lands as would be acquired by virtue of an original public sale, as herein provided."

Section 249: "All the provisions of laws relative to the execution of deeds for land sold at public sale shall be applicable to lands sold at private sale pursuant to the provisions of this act: *Provided*, That no deed shall be made until after the expiration of two years from the time when such land was or should have been offered at public sale."

It is claimed that these provisions for a private sale of land for taxes are unconstitutional. See the Constitution of the United States, 14th amendment, section 1; R. S. 1881, section 1143; Cooley Tax. 339. These statutes had a short existence. They were enacted in 1872, and are not in the revision of 1881.

The constitutional question above suggested is discussed by the parties in their briefs, but need not be decided here, because it is immaterial so far as the present case is concerned.

So far as the complaint seeks to quiet title it is insufficient. It undertakes to set out the particulars of the plaintiff's title, and fails to state anything as to personal property.

A party, alleging title under a sale of land for taxes, must show that every provision of the statute has been complied with, and especially he must show either that there was no personal property of the owner, or that such property had been exhausted. *Ellis* v. *Kenyon*, 25 Ind. 134; *Smith* v. *Kyler*, 74 Ind. 575; *McWhinney* v. *Brinker*, 64 Ind. 360.

Ordinarily, this is matter of evidence, but where, in such a case, the plaintiff undertakes to state the particulars of his title in his complaint, the pleading will be defective if any of the material steps are omitted. *Keepfer* v. *Force*, 86 Ind. 81. It is not sufficient to state that the sale was duly made; that

is a conclusion of law. The first paragraph of the complaint is also insufficient as to the claim for quieting title, because it fails to allege that the defendants make any claim to the title or the possession. *Nutter* v. *Fouch*, 86 Ind. 451.

In the second paragraph of the complaint the tax deed is incorporated. "Such deed shall be *prima facie* evidence of the regularity of the sale of the premises described in the deed, and of the regularity of all prior proceedings, and *prima facie* evidence of a good and valid title in fee simple in the grantee." R. S. 1881, section 6480.

The deed contains no recital as to personal property. It has been repeatedly held that unless the tax deed shows that personal property of the land-owner could not be found or was exhausted, it alone does not show title. *Ward* v. *Montgomery*, 57 Ind. 276; *Steeple* v. *Downing*, 60 Ind. 478; *Farrar* v. *Clark*, 85 Ind. 449; *Barton* v. *McWhinney*, 85 Ind. 481; *Schrodt* v. *Deputy*, 88 Ind. 90. So far as the second paragraph of the complaint demanded quieting of title, it was insufficient. The appellant claims that if his deed is invalid, he is nevertheless entitled to a lien upon the land for the sums paid by him as stated in the complaint, with interest thereon from the day of sale.

Section 256, 1 R. S. 1876, p. 129, provides that, "If any conveyance, made by the county auditor, pursuant to a sale made for non-payment of taxes, shall prove to be invalid and ineffectual to convey title, for any other cause than such as are enumerated in the preceding section," the State's lien for taxes and all lawful purposes shall be transferred by such deed to the grantee, who may recover from the owner of the land the amount he paid for taxes and all lawful charges, with interest at twenty-five per cent. from the day of sale, and also the amount paid by him for all subsequent taxes, with like interest, and that the same shall be a lien on the land, etc.

Section 257, p. 129, *supra*, provides that "Any person holding any deed of lands, executed by the county auditor for the non-payment of taxes, may commence a suit * * to quiet his

title thereto, without taking possession of such lands." And if, upon the hearing of such cause, it shall appear that his title was invalid for any cause not enumerated as aforesaid, the court shall ascertain and give judgment for the plaintiff for the sums paid by him, and interest to be computed at the rate of twenty-five per cent. per annum, and in default of payment thereof, may direct the land to be sold to satisfy the same, etc.

The appellees claim that " if the pretended sale, alleged by appellant, was no sale within the meaning of the law, he can have no lien, as the lien is given only to purchasers at tax sales, and not to purchasers at sales unknown to the law; in other words, those made without authority of law. But the lien is given by the statutes to all who have paid the taxes due the State, and who hold the county auditor's deed executed for the non-payment of such taxes." The lien is given because of the invalidity of the title, and the object of it is obvious.

Sections 256 and 257, *supra*, provide for cases where the conveyance was ineffectual to convey title, and where the plaintiff's title was invalid for some cause not enumerated in the next preceding section.

In the present case the plaintiff's title, as stated in the complaint, was invalid for causes not enumerated in said preceding section. And section 6521, R. S. 1881, provides that "All liens for taxes, and all penalties, * * accrued under former laws, and existing at the time of the passage of this act, are hereby continued in force."

Under the averments of the complaint in this case, and in view of the following decisions of this court, we think that although the plaintiff's tax deed was ineffectual to convey title, yet he is entitled to the lien demanded. *Flinn* v. *Parsons*, 60 Ind. 573: *Duke* v. *Brown*, 65 Ind. 25; *Hosbrook* v. *Schooley*, 74 Ind. 51; *Sloan* v. *Sewell*, 81 Ind. 180; *Parker* v. *Goddard*, 81 Ind. 294; *Crecelius* v. *Mann*, 84 Ind. 147; *Jenkins* v. *Rice*, 84 Ind. 342; *Reed* v. *Earhart*, 88. Ind. 159.

Locke *v.* Catlett *et al.*

The complaint being sufficient as to a part of the relief demanded, the court below erred in sustaining the demurrers thereto.  *Anderson* v. *Ackerman,* 88 Ind. 481.

The judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things reversed, at the costs of the appellees, and this cause is remanded, with instructions to the court to overrule the demurrers to the complaint.

Filed April 17, 1884.

### ON PETITION FOR A REHEARING.

BICKNELL, C. C.—The appellee claims that if a tax sale of land be void, the purchaser will not be entitled to a lien on the land for his purchase-money.

The cases cited in the principal opinion show that this claim can not be sustained.  See, also, *Ward* v. *Montgomery,* 57 Ind. 276; *Hosbrook* v. *Schooley,* 74 Ind. 51; *Cooper* v. *Jackson,* 71 Ind. 244; *Lawson* v. *Hilgenberg,* 77 Ind. 221. In *Crecelius* v. *Mann,* cited in the principal opinion, this court said, by ELLIOTT, J.: "It is expressly declared by statute, and has often been decided by this court, that, although the tax sale be utterly void, the purchaser * * will be entitled to hold and enforce a lien for the taxes paid by him.  The theory of the law is that the purchaser at such sale succeeds to the lien of the State."

The appellee claims that this doctrine ought not to be applied to the present case, because, as he avers, section 247, 1 R. S. 1876, p. 127, which authorized private sales by the county auditor of forfeited or unsold tax land, is unconstitutional, and he insists that no right can be acquired under an unconstitutional law.  If it were conceded that such sales were unconstitutional, so that the auditor's conveyance was invalid and ineffectual to convey title, the lien of the State for the taxes would not thereby be impaired.  Section 256, 1 R. S. 1876, p. 129, declares that, "If any conveyance, made by

the county auditor, pursuant to a sale made for non-payment of taxes, shall prove to be invalid and ineffectual to convey title, for any other cause than such as are enumerated in the preceding section, the lien which the State had on such land for its rightful proportion of taxes, * * shall remain in full force, and shall be transferred by such deed to the grantee," etc.

In the present case, if the county auditor had no constitutional power to make a private sale of forfeited or unsold land for taxes, then his deed was invalid and ineffectual to convey title; if he had such constitutional power, his deed was invalid and ineffectual to convey title for other reasons, stated in the principal opinion, which were not " reasons enumerated in said preceding section." The deed being invalid, the State's lien for the unpaid taxes is transferred to the grantee, whatever be the cause of such invalidity, provided it be not one of the causes enumerated in the said preceding section. The petition for a rehearing ought to be overruled.

PER CURIAM.—The petition is overruled.

