Barton v. Anderson et al.

Filed Jan. 9, 1886.

---

No. 10,936.

BARTON v. ANDERSON ET AL.

JUDGMENT.—*Default.—Conclusiveness.—Foreclosure of Mortgage.*—In a suit to foreclose a mortgage, a judgment by default against one who is made a party to answer as to any interest he may have in the mortgaged prop-

erty, is conclusive as to any prior claim of interest or title adverse to the plaintiff.

EVIDENCE.—*Parol Evidence to Explain Abbreviations.*—Where land is described on a tax duplicate and in a tax deed in abbreviated terms, parol evidence is admissible to explain, consistently with such terms, as to what land they refer.

From the Marion Superior Court.

*J. Buchanan* and *G. B. Manlove,* for appellant.

*S. Claypool, W. A. Ketcham* and *J. T. Lecklider,* for appellees.

NIBLACK, C. J.—Complaint by Henry P. Barton against William C. Anderson, Daniel W. Grubbs, William Rowe, Henry G. Hannaman, Frederick A. W. Davis and others, constituting the Indiana Banking Company, and several other persons, to have his title quieted to a particularly described lot or piece of ground known in general terms as the southwest part of out-lot sixty-six (66), in the city of Indianapolis, fronting on the north side of Washington street one hundred and twenty (120) feet, and running north to Pogue's Run.

Grubbs answered, disclaiming any interest in the land described in the complaint, and averring that, before the commencement of the action, he had conveyed and transferred to the Indiana Banking Company all his interest in and claim to such land.

Anderson, Rowe, Hannaman and the Indiana Banking Company answered separately in denial. Each, also, filed a cross complaint asserting a lien upon the land under a tax deed executed upon and in pursuance of a sale for delinquent taxes charged against it, the deed in each case being based upon a sale different from those described in the other cross complaints respectively.

Issues being also formed upon the cross complaints, the court, trying the cause at special term, found that the plaintiff was the owner in fee simple of the land in controversy, but that he held the same subject to the liens respectively

asserted and set up by the cross complainants, finding, also, the amount due to each cross complainant. A motion for a new trial being first thereafter denied, judgment was entered in accordance with the findings of the court, to which was added an order that unless the plaintiff should, within sixty days therefrom, pay the several sums respectively adjudged to be due to the cross complainants, and to be liens upon the land, such land should be sold to pay and discharge such liens; and this judgment was affirmed at general term.

It was made to appear by the evidence that, on the 27th day of September, 1873, Nicholas R. Ruckle and Frederick Knefler mortgaged the land in judgment in this case to John C. Tracy and Samuel Bingham in trust, for the purpose of securing a loan to them of money; that, on the 5th day of August, 1876, Tracy and Bingham commenced a suit in chancery, in the circuit court of the United States for the District of Indiana, against Ruckle and Knefler to foreclose this mortgage; that Grubbs, herein above named, and many other persons, were made defendants to that proceeding, and required to answer the bill therein filed, upon the alleged ground that they either had or claimed to have some lien upon or interest in the mortgaged premises junior and subordinate to the mortgage then sought to be foreclosed; that said suit was continued until the 28th day of March, 1877, when Grubbs, upon whom process had been served, on the 11th day of August, 1876, and most of the other defendants, on being called, made default, and a decree of foreclosure was entered, including the usual order barring and foreclosing the equity of redemption of all the defendants; that Barton, the plaintiff herein, became the purchaser under that decree of foreclosure and was in possession under his purchase when he commenced this action.

It was further made to appear by the evidence that, at a sale of lands for delinquent taxes due the city of Indianapolis, held on the 14th day of February, 1877, Grubbs became the purchaser of the land embraced in the then pending fore-

closure proceedings in the circuit court of the United States, as well as the complaint in this case, and that he, on the 17th day of February, 1879, received a tax deed for the land in question from the mayor and treasurer of said city of Indianapolis; that, on the 10th day of April, 1879, the said Grubbs transferred and conveyed to the Indiana Banking Company all his estate and interest in the land, and that the estate and interest thus transferred and conveyed by Grubbs constituted the basis of the lien asserted and set up by the Banking Company against the land under its cross complaint. The point was made at the trial, and is still insisted upon here, that by his default in the circuit court of the United States, and his failure to set up his tax claim when the decree of foreclosure was taken in that court, Grubbs became estopped from thereafter asserting any title to or interest in the land under his purchase at the tax sale, and that consequently the Banking Company acquired no estate or interest in the land by the transfer and conveyance which he assumed to make to it.

A judgment by default is as conclusive upon the judgment defendant as to any matter admitted by the default and adjudicated by the judgment which ensued, as any other form of judgment. Freeman Judg., sections 248, 330. But just what or how much is admitted by a default often becomes a difficult question in particular cases. The general rule is that a default is only conclusive as to such matters as are properly averred or charged in the complaint. *Unfried* v. *Heberer*, 63 Ind. 67; *Harrison* v. *Phœnix Mut. Life Ins. Co.*, 83 Ind. 575; *Compton* v. *Pruitt*, 88 Ind. 171.

As applicable, however, to a suit to foreclose a mortgage, and other kindred suits, in the nature of a proceeding *in rem*, where a party is made a defendant to answer as to his supposed or possible, but unknown or undefined, interest in the property, we think that, as against him, a default ought to be construed as an admission that at the time he failed to appear as required he had no interest in the property in question, and hence as conclusive of any prior claim of interest or

title adverse to the plaintiff. Any less rigid rule of construction might, and in many cases doubtless would, defeat the very object properly had in view in making the party a defendant to answer as to his supposed or possible interest in the property involved, to the end that all claims to, or against, such property might be adjusted by the final judgment or decree, and further litigation thereby avoided. On this general subject see the cases of *Griffin* v. *Wallace,* 66 Ind. 410, *Ulrich* v. *Drischell,* 88 Ind. 354, *Hose* v. *Allwein,* 91 Ind. 497, *Edwards* v. *Dykeman,* 95 Ind. 509, *Gordon* v. *Lee,* 102 Ind. 125, 6 Wait Actions and Def. 810.

We are, consequently, led to the conclusion that the court below, at special term, erred in finding and in adjudging in favor of the claim set up by the Indiana Banking Company in its cross complaint. That cross complaint charged that Grubbs purchased the land in litigation at the tax sale for the use and benefit of the Banking Company, but there was no evidence in support of that allegation. Whether, conceding the fact that Grubbs did so purchase the land for the Banking Company, the latter is nevertheless bound by the default of the former in the foreclosure suit, is a question we have not considered, but as having some possible bearing on that question reference is made to section 252, R. S. 1881.

It was also shown at the trial that the land sold at the tax sale under which Anderson claimed, was described on the tax duplicate as "120 ft. Washt. St. S. W. cor. out. 66," and in tax deed to him as " one hundred and twenty (120) feet on Washington street, in the southwest corner, out-lot sixty-six (66), in Indianapolis, Marion county, Indiana."

In relation to the abbreviations on the tax duplicate, the treasurer and a deputy auditor of Marion county were both permitted to testify that " ft." meant " feet," that " Washt. St." meant " Washington street," that " S. W. cor." meant " southwest corner," and that " out. 66 " stood for " out-lot 66 ; " also, that the description on the tax duplicate, as well as that contained in the tax deed to Anderson, referred to and

was intended to be as it was, in fact, an abbreviated description of the land more specifically designated in the complaint in this cause.

There was no error in the admission of this evidence. Where a writing is in short and incomplete terms, parol evidence is admissible to explain that which is *per se* unintelligible, such explanation not being inconsistent with the written terms. 1 Greenl. Ev., section 282; Whart. Ev., section 1003.

The proceedings upon the cross complaints of Anderson, Rowe and Hannaman in this case are, to a greater or less extent, supported by the cases of *Ward* v. *Montgomery*, 57 Ind. 276, *Flinn* v. *Parsons*, 60 Ind. 573, *Cooper* v. *Jackson*, 71 Ind. 244, *Sloan* v. *Sewell*, 81 Ind. 180, *Parker* v. *Goddard*, 81 Ind. 294, *Brown* v. *Fodder*, 81 Ind. 491, *Reed* v. *Earhart*, 88 Ind. 159, *Peckham* v. *Millikan*, 99 Ind. 352, and no error has been shown upon those proceedings. As connected with the same subject, see, also, *McWhinney* v. *Brinker*, 64 Ind. 360, and *Barton* v. *McWhinney*, 85 Ind. 481.

So much of the judgment at general term as affirmed the judgment at special term in favor of the Indiana Banking Company upon its cross complaint is reversed. In all other respects the judgment at general term is affirmed. One-fourth of the costs of this appeal to be taxed against the Indiana Banking Company, and the remaining three-fourths against the appellant.

Filed Jan. 22, 1886; petition for a rehearing overruled April 1, 1886.