JOHN DEDMAN, appellant *v.* LEVI WILLIAMS, appellee.

*Appeal from Hancock.*

One man cannot, by his own voluntary act, make himself the creditor of another. One co-partner or co-purchaser can in no case recover in an action for money paid, against his co-partner or co-purchaser, until the money has actually been paid; nor then until the time of payment has arrived.
The giving of a note is no payment.

THIS cause was tried at the August term, 1834, of the Hancock Circuit Court, before the Hon. Richard M. Young.

A WILLIAMS, for the appellant.

T. FORD and J. W. WHITNEY, for the appellee.

LOCKWOOD, Justice, delivered the opinion of the Court:

This was an action brought before a justice of the peace, by Williams against Dedman, for money paid by Williams for the use of Dedman. On the trial before the justice, a judgment was rendered in favor of Williams for $72,37½. The cause was brought by appeal into the Circuit Court of Hancock county, where it was tried before a jury, and judgment for $76,38 recovered. On the trial in the Circuit Court, the plaintiff below proved in substance, that one Whitney and others purchased a number of cattle at an administrator's sale, for which they gave their notes to the administrator. That afterwards the plaintiff and defendant, with another person, purchased half of said lot of cattle of Whitney and others, paying them $30 for their bargain, and agreed to give their note in lieu of said Whitney's note to said administrator, he agreeing to accept plaintiff's and defendant's note with security, for one half of the amount of Whitney's note, which had been given for the original purchase money. That after the purchase made by plaintiff and defendant, and the agreement of the administrator to take plaintiff's and defendant's note for half of the purchase money as aforesaid, plaintiff and defendant took possession of the half of said lot of cattle, as their joint property. It was also proved that plaintiff and defendant

(1) Carson *v.* Clark, *Ante* 113.

were to execute their note to said administrator, at some convenient time. That shortly after these contracts, Dedman started with the cattle to Galena, to sell them on the joint account of plaintiff and defendant; that during the absence of Dedman, Williams gave his note with security to said administrator, for the price of said cattle, so purchased of the said Whitney. And the said Whitney upon the surrender of the original note, executed his note to said administrator for the other half of the original purchase money for the cattle bought at said administrator's sale. That when Dedman returned from Galena, he divided with Williams the proceeds of the sale of the cattle. The administrator testified that he held and considered Dedman liable to him on the promise to give his note, and that he had not released him. On this state of the case, Williams brought his suit against Dedman, to recover one half of the amount for which plaintiff and defendant had agreed to give their joint note with security to said administrator. Some irrelevant testimony was also produced, which it is not necessary to notice. After the plaintiff, Williams, had concluded the testimony as above detailed, Dedmans's counsel moved the Court to instruct the jury to find for the defendant, as in case of a non-suit, which motion, after argument, was overruled by the Court. After this motion was overruled, testimony was introduced by defendant, and other instructions were asked; but from the view taken of the cases it will be unnecessary to notice any other point except the question whether the Court ought to have instructed the jury that the plaintiff was not entitled to recover upon the evidence that he had adduced?

What was the character of the contract between the plaintiff and defendant? They purchased of Whitney a lot of cattle, and paid him $30 down, and for the remainder of the purchase money, agreed to give their joint note to an administrator, at whose sale Whitney had purchased the same cattle. When the note was to be made payable, does not appear from the testimony. It is, however, a fair presumption that some time was to intervene before it became due. Can then, one of two joint purchasers of property, on a credit, before the time of credit has expired, by giving his individual note for the purchase money, immediately sue his co-purchaser for his proportion of the joint debt? We think not. The rule of law is well settled, that one man cannot make himself, by his own voluntary act, the creditor of another. The relation that existed between Williams and Dedman, by the purchase of the cattle, was that of joint owners or partners, not that of debtor and creditor to each other. Both were bound, when the time of payment arrived, to make payment either to Whitney or to the administrator; and neither could, by any act of his own, coerce payment from the other until the time of pay-

ment for the cattle had arrived.   Nor would it vary the result
of the case, if the time of payment for the cattle had elapsed
when this suit was brought.   The giving the note by Williams
for the property purchased for the joint use of himself and Ded-
man, was no payment so far as Dedman was concerned.   Dedman
was certainly bound to pay his moiety for these cattle, either to
Whitney or the administrator of whom Whitney purchased.   If
his promise to give his note to the administrator, should be void
under the statute of frauds, upon which point it is unnecessary
to give an opinion, he would still be bound to pay Whitney, of
whom he and Williams made the purchase.   As we, however,
consider the law well settled, that one co-partner or co-purchaser
can in no case recover in an action for money paid, against his
co-partner or co-purchaser, until the money has actually been
paid, nor then until the time of payment has arrived, we are of
opinion that the instruction ought to have been given.   Had
the instruction been given, the plaintiff would doubtless have
submitted to a non-suit.   This Court, therefore, reverse the judg-
ment below, and render such judgment as ought to have been
rendered, to wit, a judgment as in case of non-suit with costs.

*Judgment reversed,* and judgment of non-suit rendered.