CITY OF ALTON, Plaintiff in Error, *v.* JOHN MULLEDY *et al.,* Defendants in Error.

### ERROR TO MADISON.

A city, as an incorporation, can only bind itself for the payment of money for labor done for its benefit by ordinance, or by resolution, or it might by either of these modes authorize its officers or agents to make such contracts.

Where a city contracted with a railroad company to construct a levee, and authorized it to take earth from certain streets for that purpose, and the railroad company employed the plaintiff to perform the labor, and the plaintiff removed earth from another and different street : Held, that no promise could be implied on the part of the city to pay the plaintiff for such labor, although the city surveyor had surveyed the latter street before the work had been commenced, and some of the committee on the improvement saw him at work and made no objection.

A party cannot force another to become his debtor by performing labor for him, against his will or without his assent.

THIS was an action of assumpsit brought in the Madison Circuit Court, by the defendants in error against the plaintiff in error, for work and labor alleged to have been done by the said defendants for the said plaintiff.

Plea, the general issue.

The defendants in error, to sustain their suit, introduced *Samuel A. Buckmaster,* who was sworn, and testified to the jury that he was one of the directors of the St. Louis, Alton

and Chicago Railroad Company, and that said railroad company had contracted with the city of Alton, under an ordinance passed by said city December 5th, 1856, to do certain work and make certain improvements within said city, amongst which, to make and improve the levee on the Mississippi River within said city as specified in said city ordinance. That after making said contract, the said railroad company contracted with the defendants in error to fill out and make said levee for the sum of twenty cents per cubic yard for all earth required and used in making said levee. That in the progress of the work, the defendants in error took a portion of earth out of Langdon street, which was not one of the streets mentioned in said ordinance out of which earth was to be taken by the railroad company. That however, both the city and the railroad company supposed that Langdon street was included in said ordinance. That S. E. McGregory, the city engineer of Alton, under the direction of the city of Alton, staked out the streets from which earth was to be taken by said railroad company, and acting for the city, staked out Langdon street from which the earth in controversy was taken. That afterward, and about the time the defendants in error commenced taking earth out of Langdon street so staked out, the witness, acting for the railroad company, discovered that Langdon street was not included in the ordinance, and told the defendants in error of this fact, but told them at the same time they could do as they pleased. Witness also told the committee of the common council of the city of Alton, who had charge of this matter, that Langdon street was not included in the ordinance, but said committee insisted that as it was intended by all parties to include Langdon street, the railroad company should go on and take earth out of said street. That he told the defendants in error, so far as the road was concerned, they could do as they pleased about removing the earth from Langdon street.

*S. E. McGregory*, another witness for the defendants in error, testified that he was city engineer of the city of Alton, and staked out the streets from which the said railroad company were to take earth under the ordinance. That acting for the city, he staked out Langdon street. The railroad company paid him for all the services rendered by him in regard to the matter. The defendants in error told him they wanted to take earth from Langdon street, as they could take earth out of that street better than they could take it out of other streets, on account of the frost. That at the time he staked out Langdon street, the defendants in error had already commenced, and had taken out a considerable quantity of earth from said street. Witness sup-

posed at the time, and so did all parties, that Langdon street was included in the ordinance.

*M. H. Filley,* another witness for defendants in error, testified that he was employed by said defendants to superintend their work, and that while they were engaged in taking earth out of Langdon street, Mr. Coppinger and Mr. Stanford, two of the common council of the city of Alton, and who were members of the committee to see to the work, were present several times and saw them taking earth out of said street, and made no objection, but gave directions as to the manner of taking out the earth.

The plaintiff in error moved the court to instruct the jury:—

1st. That if they believe, from the evidence, that the city of Alton never made any express · or implied promise to pay defendants in error for removing earth from Langdon street, they will find for plaintiff in error.

2nd. If the jury believe, from the evidence, that the city of Alton never expressly or impliedly employed the defendants in error to remove the earth in question, they will find for plaintiff in error.

Which instructions were given by the court.

The jury having found a verdict for said defendants in error, for the sum of $800, being the amount in full claimed by them, the plaintiff in error moved for a new trial, upon the ground that said verdict was contrary to the law and the evidence, which motion was overruled by the court, to which decision of the court, in overruling said motion, the plaintiff in error at the time excepted, and now brings this cause into this court by writ of error, and assigns errors.

Levi Davis, for Plaintiff in Error.

H. Billings, for Defendants in Error.

Walker, J. It is not claimed that this labor was performed under any express agreement with the city, but it is insisted that the circumstances are such that the law will imply a promise to pay by the city. The city employed the railroad company to construct a levee, and for that purpose authorized them to remove earth from Third and Fourth streets. The company employed defendants in error to perform the labor of constructing the levee, and they went into Langdon street and removed earth which was used in constructing the levee. They were notified by the agent of the company soon after they had commenced removing earth from that street, that the city had only author-

City of Alton *v.* Mulledy et al.

ized the company to take earth from Third and Fourth streets, but they continued to work in that street. The evidence shows that at the time the earth was removed from this street, it was more convenient to get earth in it, than the other streets, on account of the frost, and that the street was measured by the city engineer before they commenced the work, and some of the committee having charge of the improvement of streets, saw them at work on this street and made no objection, and it is under these circumstances that they seek to recover against the city, for this labor. The city, as an incorporation, could only bind itself for the payment of money for labor done for its benefit, by ordinance or by resolution, or it might by either of these modes authorize its officers or agents to make such contracts. The contract which was entered into by the city, was with the company, and not with the defendants. They were strangers to that contract, and must look to the company for compensation unless they can show a binding contract with the city. They have wholly failed to prove such a contract, nor does it appear any ordinance or resolution was ever passed by the common council, authorizing any of its officers or the committee, to make any contract for the improvement of the streets. The mere fact that the city engineer surveyed this street before the work was commenced, and that some of the members of the committee saw them at work there, without objection, does not raise an implied promise on the part of the city to pay for this work. These persons were only the agents of the city, and could exercise no power but such as they had delegated to them, and in the absence of such authority they could neither by express or implied agreement bind the city.

Again it appears that it was for the convenience of the defendants that they removed this earth, at a time when they could not get it at the places where they were authorized, on account of the frost. So far as we can see, they were trespassers and wrong-doers, in taking this earth. It seems to have been without permission from the city, and it was probably done in violation of city ordinance. The law never implies a promise to pay for a trespass, nor can a party force another to become his debtor, by performing labor for him against his will, or without his assent. If the defendants contracted with the company at too low a price, it is their misfortune, for which the city is in no way responsible, and cannot be held liable, unless it is by agreement, and the evidence fails to establish either an express or implied promise, on the part of the city, to pay for this labor. In no point of view can we see that the city is liable to pay for this work, or any portion of it.

We are of the opinion that the evidence did not show a liability on the part of the city, and consequently no right of recovery by the defendants, and therefore the court below erred in not granting a new trial.   The judgment of the Circuit Court is reversed and the cause remanded.

*Judgment reversed.*