## THE CITY OF CHICAGO

### v.

## THE SHOBER & CARQUEVILLE LITHOGRAPHING COMPANY.

1. CITIES—POWER TO MAKE CONTRACTS—APPROPRIATIONS.—All persons contracting with a municipal corporation must at their peril inquire into the power of the corporation or its officers to make contracts. Under the general law relating to cities in this State, neither the city council nor any member thereof have power to make contracts or create debts, unless an appropriation therefor has previously been made.

2. POWERS OF COMPTROLLER.—The powers of the comptroller of the city

of Chicago are defined in Section 104 of the incorporation act, and among these powers none can be found, express or implied, which authorize him to bind the city by incurring a debt for printing warrants to be used by the city.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed August 5, 1880.

Mr. JULIUS S. GRINNELL, for appellant; that persons dealing with a corporation are bound to inquire into its power to act, cited Dillon on Municipal Cor. § 372.

No contract can be made until there has been a previous appropriation: Alternus v. The Mayor, etc., 6 Duer, 446; Smith v. The Mayor, etc., 4 Sandf. 220.

The city can only bind itself to the payment of money for work done for its benefit, by ordinance or resolution: City of Alton v. Mulledy, 21 Ill. 76; Peterson v. Mayor, etc., 17 N. Y. 449.

There is no implied liability: Dillon on Municipal Cor. § 383; 2 Kent's Com. 291.

Mr. MORTON CULVER, for appellee.

McALLISTER, P. J.  This was an action by appellee against appellant, the city of Chicago, to recover the value of the labor and material in lithographing and printing by appellees of a quantity of blank treasury warrants, to be used by the city in issuing what is commonly called" city scrip," with the names of the mayor, and comptroller lithographed thereon.   The case was submitted to the court below, for trial without a jury. There was a finding by the court of the issues in favor of plaintiff, and its damages assessed at $536.70, for which judgment was given, and the city appealed to this court.   The bill of exceptions contains all the evidence, from which it appears that the plaintiff was employed to perform the work by the city comptroller; that the plaintiff, under such employment, printed 23670 warrants, which were received and used by the city; that there has also been printed 34080, which, it was claimed on behalf of the city, were never ordered, and that they were

taken out of plaintiff's hands by direction of the comptroller for the purpose of having them canceled, in order to avoid the liability of a spurious issue of such scrip. For that purpose they were taken out of plaintiff's hands. These same blanks, however were included in the recovery.

There was no evidence in the case that the city council had ever authorized the preparation or use of the warrants; or that any appropriation had been made by the council concerning the expense thereof. So that the question is squarely present-ed whether the comptroller can incur such expense, and bind the corporation for its payment, in the absence of any such action on the part of the city council. The amount is not large, but the principles involved are none the less important. The tendency of legislation in this State for the last decade, for reasons which must be obvious to every intelligent taxpayer, has been to hamper the powers of municipal officers and agents with the closest legal shackles practicable, in respect to incurring debts and liabilities, to be paid or met by such corporations, except in the precise and guarded, manner provided by law.

The powers of the comptroller are defined in § 104 of the city Incorporation Act, R. S. 1874, p. 229. Among those powers none can be found, either express or implied, which would authorize him to bind the corporation, by incurring the expense in question.

Section 89 (R. S. 227), requires that the city council shall, within the first quarter of each fiscal year, pass an appropriation bill in which the corporate authorities may appropriate such sum or sums of money as may be deemed necessary to defray all necessary expenses and liabilities of the corporation, and in such ordinances shall specify the objects and purposes for which such appropriations are made, and the amount appropriated to each object, and no other appropriation shall be made at any other time within such fiscal year, except it first be authorized by a majority of the legal voters of the corporation. Section 90 forbids the council from adding anything to the corporate expenditures of such year over and above the amount provided in the annual appropriation of that year, except when a necessity for an improvement has arisen by

reason of a casualty or accident happening after the annual appropriation is made. Then section 91 declares: " No contract shall be hereafter made by the city council, or any committee or member thereof; and no expense shall be incurred by any of the officers or departments of the corporation, whether the object of the expenditure shall have been ordered by the city council or not, unless an appropriation shall have been previously made concerning such expense, except as herein otherwise provided." This last clause refers to the exception above mentioned, contained in section 90, as no other can be found in the act, and that one has no relevancy to this case. It is too plain for argument, that said section 91 contains an express prohibition against the comptroller binding the city by incurring the expense in question, even if otherwise empowered to act, unless it is made to appear that a previous appropriation had been made by the city council concerning the expense thereof.

That statute has become to the city of Chicago its organic act. By the well-settled principles of law, it therefore follows that neither the corporation, nor its officers, nor any of them, can make any contract or incur any liability, not authorized by such organic act. Much less can the corporation or any of its officers do any act or make any contract which is expressly forbidden by such organic law. Dillon on Munic. Corp. Sec. 55; Trustees of Lockport v. Gaylord, 61 Ill. 276.

It is the general and fundamental principle of law that all persons contracting with a municipal corporation must, at their peril, inquire into the power of the corporation or its officers to make the contract. Dillon, *supra*, Sec. 272, and cases in notes.

There being no proof in the case that the comptroller was authorized by an ordinance or resolution of the city council to make the contract in question, and that there had been a previous appropriation providing for the expense thereof, the plaintiff failed to make out a cause of action. City of Alton v. Mulledy, 21 Ill. 76; Alternus v. Mayor, etc. 6 Duer, 446; Smith v. Mayor, etc., 4 Sandford, Sup. Ct. R. 220.

The judgment of the court below will be reversed, and the cause remanded.

Reversed and remanded.