THE CITY OF CAIRO

*v.*

FREDOLIN BROSS.

*Filed at Mt. Vernon June 21, 1881.*

1. SUPREME COURT—*jurisdiction—validity of a statute.* The statute providing for writs of error from and appeals to this court, in cases where the validity of a statute is involved, was not intended to embrace all cases involving the validity of a statute, in the extended sense of the term. It was intended to apply only where the validity of the statute, as originally passed, is the primary subject of inquiry, and not where its validity is incidental or collateral to the main controversy.

2. Where a city charter gave power to license merchants, and provide a penalty for carrying on the business without a license, and the city afterwards adopted the General Incorporation act, which authorized licenses, but did not name merchants in the clause, and the only question presented was whether the power in the original charter was repealed by implication, it was *held*, that the validity of a statute was not involved, within the meaning of the term in the law providing for appeals and writs of error, and that a writ of error from the Supreme Court to the trial court directly, did not lie.

WRIT OF ERROR to the Circuit Court of Alexander county; the Hon. DAVID J. BAKER, Judge, presiding.

Messrs. GREEN & GILBERT, for the plaintiff in error.

Messrs. LINEGAR & LANSDEN, for the defendant in error.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This was an action instituted by plaintiff in error before a police magistrate, to recover from defendant in error a

penalty of ten dollars, imposed by an alleged ordinance of the city of Cairo, for carrying on the business of a merchant within the corporate limits of the city during the month of February, 1879, without having first procured a license for that purpose, as required by the provisions of the supposed ordinance. There was a judgment for the defendant before the magistrate, and the city appealed to the circuit court of Alexander county, where a similar conclusion was reached, and the present writ of error is prosecuted to reverse the judgment of the circuit court.

As the amount involved in this litigation is only ten dollars, it follows, that unless the case can be brought within some of the statutory exceptions which permit certain classes of cases to be brought from circuit courts to this, without passing through the Appellate Court, the present writ of error will have to be dismissed for want of jurisdiction in this court to hear it.

It appears the city of Cairo was organized in 1867, under a special act of the legislature, by the provisions of which it was authorized to license a number of trades and occupations, including that of merchants. In the exercise of this power, the city passed an ordinance requiring all merchants doing business within the corporate limits of the city to procure licenses for the carrying on of such business, and imposing a penalty of ten dollars for every breach of such ordinance. In January, 1873, plaintiff in error adopted the provisions of the General Incorporation law, and was regularly reorganized under it, and from thence until the present time has been acting under its provisions.

While the General Incorporation law authorizes the corporate authorities of cities to license certain trades and occupations, yet it does not, like the special charter under which plaintiff in error was originally organized, authorize the licensing of merchants; and moreover, section 6, article 1, of the General Incorporation act, provides, that "from the time of such organization or change of organization, the

provisions of this act shall be applicable to such cities and villages, and all laws in conflict therewith shall no longer be applicable, but all laws or parts of laws not inconsistent with the provisions of this act shall continue in force, and applicable to any such city or village, the same as if such change of organization had not taken place." And the 11th section of same article provides, that "all ordinances, resolutions and by-laws in force in any city or town when it shall organize under this act, shall continue in force and effect until repealed or amended, notwithstanding such change of organization; and the making of such change of organization shall not be construed to effect a change in the legal identity, as a corporation, of such city or town."

Under these provisions of the former and present charters of the city, the right of plaintiff in error to recover, assuming the facts otherwise show a cause of action, turns upon whether the ordinance in question ceased to be operative by reason of the adoption by the city of its present charter, and this, of course, depends upon whether the two acts are inconsistent, so far as they relate to the power of the city to tax or license merchants. For if they are, by the express provision of section 6 of article 1 of the General Incorporation act, above cited, the provision in the special charter authorizing the licensing of merchants, upon the adoption of the general charter was thereby repealed, and, as a matter of course, the ordinance fell with it. So, more shortly stated, the right of recovery in this case depends upon whether the provision in the special charter authorizing the licensing of merchants is still in force or not, and in this sense the case may be said to involve the validity of a statute, and we presume it is brought here upon that hypothesis, for we can conceive of no other ground that affords the slightest pretext for bringing it here.

But does the case involve the validity of a statute, within the meaning of the act providing for writs of error from and appeals to this court? In the more extended sense of the

term, the validity of a statute may be said to be involved in every case where controverted statutory rights are the subject of litigation, for in every such case the existence of the rights themselves depends upon the validity of the statute from which they are supposed to arise; but it is clear the statute in question was not intended to include all cases involving the validity of a statute, in this extended sense of the term, nor do we believe it was intended to extend to cases like the present, where the question of validity is incidental or collateral to the main inquiry. As we understand it, the statute was intended to apply only where the validity of a statute, as originally passed, is the primary inquiry. No question of that kind is presented in the present case.

It is conceded the special charter was a valid law when originally adopted, and so continued up to the time of the change of the organization under the general law, and the only question here made is, whether the adoption of the general charter in effect abrogated or repealed a specific provision in the special charter not embodied in the general law. The primary question thus presented is one of judicial construction, and not of legislative power. It looks to the effect of a subsequent statute upon a specific provision in a prior one, where the power of the legislature to pass both acts is not questioned. In short, we are of opinion that the statute applies only in cases where it is claimed that the statute affecting the controversy is void or invalid *ab initio*, and as no such claim is made here, it follows that it has no application to this case, and that the present writ of error was therefore improvidently sued out, and must, for that reason, be dismissed.

*Writ of Error dismissed.*