Barton *et ux. v.* McWhinney.

———————◆———————

No. 9004.

BARTON ET UX. *v.* McWHINNEY.

TAX SALE.—*Possession Under Certificate.—Statute Construed.*—Under section 203 (1 R. S. 1876, p. 120), the certificate of a tax sale entitles the holder to the possession of the premises described only in case the sale was regular and valid.

SAME.—*Liability for Rents and Profits.*—The holder of an invalid certificate of tax sale is not accountable to a junior lien-holder for rents of the land, unless he has had possession under his certificate or has received rents.

SAME.— *When Invalid.*—A tax sale of land is invalid when personalty might have been seized and sold.

VOL. 85.—31

Barton *et ux. v.* McWhinney.

SAME.—*Municipal Tax Sale.*—The act of March 11th, 1875, makes the assessment law of December 21st, 1872, applicable to towns and cities, and, consequently, the holder of an invalid city tax deed is entitled to 25 per cent. interest, as provided in that law.

SAME.—*Practice.—Pleading.*—Upon a complaint to recover the possession or to quiet the title of land, the holder of an invalid tax deed may have a decree enforcing the statutory lien given in such cases.

SAME.—*Interest.*—The act of March 10th, 1879, has reference to interest on contracts for the forbearance of money or upon debts, and does not repeal the provisions of the assessment law in respect to interest upon invalid tax deeds.

VERDICT.—A general verdict or finding need not show the facts on which it rests. It need only state a conclusion broad enough to cover the issues.

STATUTE.—*Preamble.—Enacting Clause.*—An act of the Legislature is not invalid because the enacting clause is preceded by a preamble.

SAME.—*Oppressive Law.*—If a law be constitutional the courts can not declare it invalid because unreasonable and oppressive.

From the Superior Court of Marion County.

*J. Buchanan,* for appellants.

*J. T. Lecklider,* for appellee.

WOODS, C. J.—Complaint by the appellant Henry P. Barton.    In the first paragraph it is alleged in substance, that on the 15th day of May, 1877, at a commissioner's sale made upon a decree of foreclosure of a mortgage executed September 20th, 1873, the plaintiff purchased certain described real estate, took possession of the same on the 1st day of September, 1878, and, in 1879, received the commissioner's deed in consummation of the sale, becoming thereby the owner of the property; that on the 8th day of February, 1875, the defendant McWhinney purchased the property at a tax sale by the county treasurer, for the sum of $119.44, and received a certificate of purchase, whereby he became and was entitled to the possession from the last named date, and thereby, from that date until September 1st, 1878, excluded the plaintiff from possession; that the rental value of the property during that time was $50 per month, and largely exceeded the amount due on the defendant's claim, with penalty and interest, but, neglecting to give credit for the same, the defendant had taken and

was asserting title under an auditor's deed.   Prayer for an accounting, etc.

The second paragraph is to quiet-title, and the third to procure a cancellation of tax deeds, which are shown to be invalid, because of the failure to seize and sell personalty.

The appellee answered by a general denial, and filed a cross bill, to which the plaintiff's wife was made a defendant. The first paragraph of the cross bill is in the ordinary form to quiet title.   In the second paragraph the appellee alleges his purchase of the property at tax sale by the county treasurer, on the 8th day of February, 1875, and receipt of the certificate of sale, and afterwards of the tax deed; the amounts of his bid at the sale and of his subsequent payments of taxes; also, a purchase of the property at a tax sale made by the city treasurer of Indianapolis, the issuing to him of the certificate of sale, and afterwards of the tax deed; the amounts of his bid and of subsequent payments of city taxes assessed against the property; the prayer of this paragraph being that the title under the tax deeds be quieted, but that if it should be found defective, the appellee should recover the amount of his bids and payments, with interest and penalties.

Saving an exception to the overruling of their respective demurrers for want of facts to each paragraph of the cross bill, the appellants each answered by a general denial. The issues joined were submitted for trial to the court, which made a finding of the tenor and effect following:   "The court * * finds for the defendant and cross complainant, McWhinney, and against the plaintiff Barton, and against the defendant Fanny E. Barton; and finds that the defendant and cross complainant, McWhinney, claims the property * * by virtue of certain tax title deeds;" (here follows a detailed statement of the sales, deeds, amounts bid, subsequent payments of taxes, etc.;) "and the court further finds that each of the said deeds is invalid, and ineffectual to convey title, but that the said deeds are sufficient to and do carry and support liens on the said real estate for the amount of all taxes and charges paid

thereon by McWhinney, who is entitled to recover of and from said Henry P. Barton such legal taxes and charges, together with interest thereon at the rate of twenty-five (25) per cent. per annum from the date of sale, and like interest on all subsequent payments," etc.

The judgment rendered is, that " Henry P. Barton, plaintiff, pay to the said defendant Frank McWhinney, the sum of $1,563.50 * * within thirty days from this date, September 11th, 1879, and, in default of such payment, that said real estate, or so much thereof as may be necessary, be sold," etc.

The judgment contains no order for a personal execution against Barton; and it is, therefore, a mistake of counsel for the appellant to say that the court gave a personal judgment against him. If, however, such personal judgment had been rendered, there should have been a special exception or motion to modify the entry in order to present the question on appeal. *Kissell* v. *Anderson,* 73 Ind. 485; *Adams* v. *LaRose,* 75 Ind. 471; *Merritt* v. *Pearson,* 76 Ind. 44.

Counsel further claims that there is a general finding for the cross complainant, which he says is equivalent to a denial that the plaintiff Barton had title to the land as alleged in his complaint; and upon this assumption insists that the court committed material error in excluding certain evidence which tended to establish title in the plaintiff, for instance, the mortgage under which he purchased. While the first clause of the finding, standing by itself, is a general finding in favor of McWhinney, upon which, under the first paragraph of his cross bill, he might have been entitled to a judgment declaring his title absolute, yet, upon the entire finding, it is clear that such a judgment could not be rendered. The entire finding means simply that under his tax deeds, by which alone he claimed, McWhinney was entitled to a lien, and if this is not broad enough to cover all the issues, the remedy should have been sought by a motion for a *venire de novo.* The finding, however, would seem to be broad enough. The object of the complaint was to quiet the plaintiff's title against the claim

of the appellee, whatever it was; the court found just what it was, and that it was superior as a lien to the rights of the plaintiff; what those rights were it was not necessary to determine, and as the excluded evidence could not have changed the result in this respect, it is not important to enquire whether the evidence was, strictly speaking, competent.

It is insisted, however, that, by virtue of his certificate of purchase at the tax sale, the appellee was entitled to the possession of the property sold, and, therefore, was accountable to the plaintiff under the first paragraph of the complaint for rent until the time when the plaintiff obtained possession; and that if the court had so applied the law, and had admitted the evidence offered by the appellants, the finding must have been for the plaintiff.

The statute in force at the time of the sale in question contained the provision that the "certificate shall entitle the holder to the possession of the premises described;" but the fallacy of the position taken by the appellant is in the failure to distinguish between a certificate issued upon a sale in all respects regular and valid, and one issued upon an irregular and invalid sale. The complaint does not show nor allege that the sale in this instance was regular; the evidence shows, and the finding is, that it was invalid. The complaint does not allege that the appellee obtained possession under his certificate; on the contrary, the evidence shows without dispute, that he did not have possession nor receive the rents and profits, but the mortgagor, in the mortgage under which the plaintiff obtained title, was in the actual possession and enjoyment of the property during the period for which it is claimed that the appellee should have been held accountable. The sale having been invalid, the appellee could have received no aid from the law to obtain possession, and the law will not by construction declare him to have had what it would not have helped him to assert or to maintain. Whether or not, if the property had been unoccupied, and the purchaser could have taken peaceable possession, he ought to have entered and

should be held accountable as if he had, we do not consider; neither do we consider whether, in case of a valid sale, he would be held bound to apply the rents, if received, towards a redemption from the sale.

It is next claimed that the finding is contrary to the law and evidence, for the reasons following:

*First.* Because, under section 256 of the act of December 21st, 1872, a lien can be declared in favor of the purchaser at a tax sale only " in case judgment shall be rendered against " him " for the recovery of such land in an action of ejectment or other action either at law or in equity."

The finding in this instance is express, and the judgment implies, that the tax deeds of the appellee did not vest in him the title; and, as against the appellee, the judgment is just as effective to establish the plaintiff Barton's right to the fee of the land as if there had been an express finding and judgment to that effect.

*Second.* " Because the findings do not specify for what reason the tax deeds are invalid. The record must affirmatively show in all cases a sufficient cause to support the judgment rendered, else the judgment is erroneous."

The finding in this case is not in the technical sense special, but general; and it is not necessary that such a finding shall show the facts which support it; it is enough if it contain the statement of a conclusion broad enough to cover the issue. It is stated in this finding that the deeds were sufficient " to carry and support liens " in favor of the appellee; and this necessarily implies that the deeds were not invalid for any of the causes " enumerated in the preceding section " to section 256, *supra,* which make the sale invalid for all purposes, except that the purchaser may reclaim his money of the treasurer who made the sale. It was not necessary that it should be averred in the cross bill that the sale was invalid and for what reason, because, by the terms of section 256, *supra,* as interpreted in the decided cases, the court may, upon a complaint in ejectment or to quiet title, find the amount

due the holder of an invalid tax deed, and decree a foreclosure of the lien which the law gives in such cases. *Brown* v. *Fodder*, 81 Ind. 491; *Jenkins* v. *Rice*, 84 Ind. 342.

It follows that copies of the tax deeds were not required to be filed with the pleadings. The evidence shows that there was personal property which might have been levied upon, and this was enough to support the finding that the deeds were ineffective to convey title, but good to establish the lien.

It is urged that the damages are excessive, because the allowance of twenty-five per cent. upon taxes paid to the city was unlawful.

"The act of December 21st, 1872, does not apply to cities," says counsel, "and the act of March 11th, 1875, 1 R. S. 1876, pp. 338, 339, supposed to be an attempt to make this act apply to towns and cities, utterly fails of its purpose.   *   * This act is void for several reasons: 1st The enacting clause is wanting.   *   *   *   2d. Section 2 attempts to adopt a general law of the State, 'approved December 2d, 1872.' There is no such general law. It, therefore, fails to adopt any. It attempts to adopt such law only 'for the assessment of taxes,' not for the collection and redemption therefrom.   *   * * 3d. This entire act is void, because in conflict with section 21, article 4 of the Constitution, which provides that 'No act shall ever be revised or amended by mere reference to its title; but the act revised or section amended shall be set forth and published at full length.' "

The act referred to contains the enacting clause prescribed by the Constitution; and the fact that this clause is preceded by a preamble explanatory of the reasons for its passage does not invalidate the act. The Constitution says that "the style of every law shall be, 'Be it enacted,'" etc., and doubtless this clause should precede everything which is made and declared to be law; but this by no means forbids the use of a preamble.

While the reference in the second section is to an act approved December 2d, 1872, it is clear from the title and other

provisions, that the act of December 21st, 1872, was intended; and we deem it equally manifest that the legislative intent was to make the provisions of that act, so far as relevant to "the assessment and collection of taxes," applicable to towns and cities. The language of the second section is: "Hereafter the general law of the State and amendments thereto, approved December 2 (1), 1872, for the uniform assessment of taxes, shall apply to all incorporated cities and towns not having special charters, so far as the same shall be applicable." So far as consistent with the title of the act, this makes all the provisions of that law applicable unless of such a nature as to be incapable of reasonable application. See *Board, etc.,* v. *Wasson,* 74 Ind. 133.

The title of the act embraces the assessment and collection of taxes, and the only reason on which we are asked to say that the provisions of sections 256 and 257 do not apply is because the provision for allowing twenty-five per cent. interest or penalty is oppressive and unreasonable. That, however, is not a subject for judicial cognizance; it is not for the court to say that a constitutional law shall not have effect, because it is in the judgment of the court unreasonable.

We do not consider the act of 1875 obnoxious to the Constitution. If section 2 had been embodied in the act of 1872, its validity could not be assailed; and it is no less valid where it is found. It is not a revision nor an amendment of any act or section of an act. If by implication it repeals or modifies the provisions of any other law, it is not therefore unconstitutional. *Branham* v. *Lange,* 16 Ind. 497.

In the 8th section of the act of March 10th, 1879, Acts 1879, p. 44, it is provided that all laws on the subject of interest are hereby repealed; and counsel for the appellant says: "This statute took effect prior to September 11th and 16th, 1879, the days of this trial and assessment of damages. It was, therefore, erroneous for the court to compute interest at a greater rate than six per cent., as provided in section 3 of this act."

The State, *ex rel.* Baldwin, Att'y Gen., *v.* Board of Com. of Co. of Marion.

We do not think the rights of the parties affected by the act referred to. The act itself and the repealing clause have reference to interest on contracts for the forbearance of money or upon debt, and existing contracts are saved from the force of the repeal. We find no error in the record.

Judgment affirmed, with costs.