## J. IRVING PEARCE

*v.*

## DANIEL W. VITTUM.

*Opinion filed December 18, 1901.*

1. APPEALS AND ERRORS—*the Appellate Court has jurisdiction to determine whether statute has been repealed.* The Appellate Court has jurisdiction of an appeal from a judgment in replevin allowing the defendant an agister's lien upon the stock replevied, where the only attack upon the validity of the statute under which the lien was allowed is that the sections authorizing the lien have been repealed.

2. STATUTES—*repeal of first section of act does not operate to strike out the enacting clause.* The enacting clause of a statute is no more a part of the first section than of the others, and hence the repeal, without a saving clause, of part of the sections of an act, including the first section, does not leave the remaining sections without an enacting clause, so as to render them invalid.

APPEAL from the Circuit Court of Fulton county; the Hon. JOHN G. GLENN, Judge, presiding.

LUCIEN GRAY, and O. J. BOYER, (SIMEON P. SHOPE, of counsel,) for appellant.

CHIPERFIELD & CHIPERFIELD, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an action of replevin, brought in the circuit court of Fulton county by the appellant, against the appellee, to recover six head of horses. The jury returned a verdict in favor of the appellee, upon which, after overruling a motion for a new trial and in arrest of judgment, the court rendered judgment and awarded a return of the property, and the appellant has brought the case, by appeal, directly to this court.

The horses in question had been in possession of the appellee and had been kept and cared for by him upon his farm for a number of years, and his contention is that he has a lien thereon, and the right to retain possession

thereof until such lien is satisfied, by virtue of sections 49 and 50 of an act entitled "An act to revise the law in relation to liens," approved March 25, 1874, in force July 1, 1874, (Hurd's Stat. 1880, p. 679,) which are as follows:

·"Sec. 49. *Stable Keepers, etc.*] Stable keepers and any persons shall have a lien upon the horses, carriages and harness kept by them for the proper charges due for the keeping thereof and expenses bestowed thereon at the request of the owner, or the person having the possession thereof.

"Sec. 50. *Agisters.*] Agisters and persons keeping, yarding, feeding or pasturing domestic animals, shall have a lien upon the animals agistered, kept, yarded or fed, for the proper charges due for the agisting, keeping, yarding or feeding thereof."

Unless the validity of the sections above cited is involved this appeal must be dismissed for want of jurisdiction in this court to hear it.

It is conceded by appellant that said sections were in force until the passage of the act entitled "An act to revise the law in relation to mechanics' liens," approved and in force June 26, 1895. (2 Starr & Cur. Stat. p. 2537.) By section 40 of the act of 1895, sections 1 to 47, inclusive, of the act of 1874 were repealed, and it is said by the repeal of section 1 thereof, without a saving clause, the enacting clause of the act of 1874 was repealed, the effect of which was to leave said sections 49 and 50 without an enacting clause, and therefore invalid and unconstitutional.

By section 11 of article 4 of the constitution of 1870 it is provided: "The style of the laws of this State shall be: 'Be it enacted by the People of the State of Illinois, represented in the General Assembly.'" (1 Starr & Cur. Stat. p. 125.) The enacting clause is "the section of a bill or statute which establishes the whole document as a law." (Anderson's Dictionary of Law, p. 24.) The enacting clause of the act of 1874 is no more a part of

section 1 of such act than it is a part of section 49 or 50; (*Barton* v. *McWhinney*, 85 Ind. 481; *Pollard* v. *Scears' Admr.* 28 Ala. 484; 65 Am. Dec. 364;) and we think it too plain for argument that a repeal of sections 1 to 47, inclusive, of the act of 1874, did not leave the remaining sections of said act without an enacting clause, and that no serious debatable question is properly raised here in regard to the constitutionality of said sections. In *Beach* v. *Peabody*, 188 Ill. 75, on page 80 we say: "Counsel have no right to suggest that a statute is invalid * * * merely for the purpose of ousting the jurisdiction of the Appellate Court and conferring jurisdiction upon the Supreme Court." And in *St. Louis Transfer Co.* v. *Canty*, 103 Ill. 423, on page 424: "It is not enough for counsel merely to say the validity of a statute is involved, to give us jurisdiction; for if that were the law, every case might be brought here upon a simple assertion of counsel, however absurd that assertion might be. The record must show that the validity of the statute is in good faith, and not simply pretendedly, involved, to give us jurisdiction on that ground."

The argument of appellant upon the validity of the statute in question at most amounts to no more than a contention that the sections of the statute under which appellee claims a lien have been repealed and are not now in force, and the Appellate Court has ample jurisdiction to determine that question. *City of Cairo* v. *Bross*, 99 Ill. 521; *Pearson* v. *Zehr*, 125 id. 573; *Village of Morgan Park* v. *Gahan*, 35 Ill. App. 646; *American Live Stock Commission Co.* v. *Chicago Live Stock Exchange*, 41 id. 149.

The appeal will be dismissed, with leave to appellant, if he desire, to withdraw the record.

*Appeal dismissed.*