THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARRY J. Moss et al., Appellants, *v.* THE BOARD OF SUPERVISORS OF ONEIDA COUNTY, Respondent.

Appeal — provision of statute (Code Civ. Pro. § 190, amd. L. 1917, ch. 290) authorizing appeal to Court of Appeals when constitutional question is involved — construction of statute (County Law, § 240, subds. 16, 18) that costs and expenses of county officer removed by governor are not county charges, not appealable.

1. Under the clause of section 190 of the Code of Civil Procedure (as amended by chapter 290 of Laws of 1917) which authorizes an appeal to the Court of Appeals where there is directly involved a constitutional question, there must be presented directly and primarily an issue determinable only by the construction by this court of the Constitution of the state or of the United States.

2. An appeal will not lie where the primary and direct question presented and decided by the Appellate Division, was "Whether the statute under consideration (County Law [Cons. Laws, chap. 11], § 240, subds. 16, 18) meant or intended that the costs and expenses of a county officer who was removed by the governor on charges should be a county charge."

*People ex rel. Moss* v. *Bd. of Supervisors*, 178 App. Div. 716, appeal dismissed.

(Argued October 2, 1917; decided October 16, 1917.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 26, 1917, which affirmed, on certiorari, a determination of the board of supervisors of Oneida county.

The facts, so far as material, are stated in the opinion.

*G. C. Morehouse* for appellants.

*H. N. Harrington* for respondent. The Court of Appeals has no jurisdiction to hear this appeal. (Code Civ. Pro. §§ 190, 191; L. 1917, ch. 290; N. Y. Const. art. 6, § 2; *Haroun* v. *B. E. Light Co.*, 152 N. Y. 212; *People ex rel.* v. *Barker*, 152 N. Y. 417.)

[221 N. Y.]        Opinion, per COLLIN, J.              [Oct.,

COLLIN, J.   The board of supervisors of Oneida county determined in May, 1916, that claims of the relators upon the county were not legal and should not be audited. Those claims were for the costs and expenses of the relator Moss in proceedings before the governor of the state for his removal as sheriff of the county upon charges preferred against him.   He was removed by the governor.   The relator O'Connor was his attorney.   The Appellate Division, on certiorari, unanimously affirmed the determination by the order entered May 26, 1917, from which this appeal was taken as of right June 4, 1917.

The law did not permit the appeal.   Chapter 290 of the Laws of 1917, taking effect June 1, 1917, amended section 190 of the Code of Civil Procedure to read, in so far as is relevant here:  " From and after the 31st day of May, 1917, the jurisdiction of the court of appeals shall, in civil actions and proceedings, be confined to the review upon appeal of an actual determination made by an appellate division of the supreme court in either of the following cases, and no others.   1. An appeal may be taken as of right to said court from a judgment or order entered upon the decision of an appellate division of the supreme court which finally determines an action or special proceeding where is directly involved the construction of the constitution of the state or of the United States, or where one or more of the justices of the appellate division dissents from the decision of the court, or where the judgment or order is one of reversal or modification.   2.   *   *   *. 3.   *   *   *.   4.   *   *   *.   The provisions of this section shall not apply to an appeal taken to the court of appeals prior to the first day of June, nineteen hundred and seventeen, but an appeal so taken shall be heard and determined under existing provisions of law."

It is obvious the appeal is unwarranted, by virtue of the legislative limitation, unless, as the appellants assert, the proceeding directly involved the construction of the

Constitution of the state. The claims of the relators were based wholly upon a statute (County Law [Cons. Laws, ch. 11], section 240, subdivisions 16, 18). The record here discloses that the determination of the board of supervisors and the decision of the Appellate Division went upon the ground that the statute neither declared nor intended that the costs and expenses of the officer who was removed upon the charges should be a county charge. Neither the one nor the other involved the construction of the Constitution of the state. The primary and direct question presented and decided was, did the statute mean or intend that the costs and expenses of an unsuccessful defense by· the officer should be a county charge. It involved the meaning and not the validity of the statute. It was determined in the negative by the unanimous decision of the Appellate Division. We would reach and consider the constitutionality of the statute only through and after a review and reversal of the decision. The affirmance of it would leave the validity of the statute unconsidered. In a certain sense, perhaps, each enforcement of a statute by a court involves its constitutionality or the construction of the Constitution of the state. That sense, however, was not within the legislative mind or intention in enacting the present restriction of our jurisdiction. An appeal, upon the ground asserted here, must present to us directly and primarily an issue determinable only by our construction of the Constitution of the state or of the United States. (See *Empire State-Idaho Mining & D. Co.* v. *Hanley,* 205 U. S. 225; *City of Cairo* v. *Bross,* 99 Ill. 521.)

The appeal should be dismissed, with costs.

HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, McLAUGHLIN and CRANE, JJ., concur.

Appeal dismissed