THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN
D. RYAN, Appellant, *v.* THOMAS M. LYNCH et al.,
Constituting the State Tax Commission, Respondents.

(Submitted April 28, 1933; decided May 23, 1933.)

2

*Wayne Johnson* for appellant.

*John J. Bennett, Jr., Attorney-General (John T. Cahill* and *Edmund C. Collins* of counsel), for respondents.

POUND, Ch. J.   This appeal is taken from a unanimous decision of the Appellate Division, affirming a determination of the State Tax Commission as of right on the ground that the construction of the Constitution of the United States is directly involved therein. (Civ. Pr. Act, § 588, subd. 1.)   A motion has been made to dismiss the appeal on the ground that no such question is directly involved in the decision.

The question sought to be argued is as to the constitutionality of subdivision 7 of section 350 of the Tax Law (Cons. Laws, ch. 60), which reads as follows: " The word ' resident ' applies only to natural persons and includes for the purpose of determining liability to the tax imposed by this article upon or with reference to the income of any taxable year, any person domiciled in the state of New York, and any other person who maintains a permanent place of abode within the state, and spends in the aggregate more than seven months of the taxable year within the state."

Appellant contends that his legal domicile and residence were in the State of Montana and that the Legislature of the State of New York cannot, by its definition of " resident," make him a resident of the State of New York, taxable on his entire net income, under section 351 of the Tax Law, merely because he " maintains a permanent place of abode within the state, and spends in the aggregate more than seven months of the taxable year within the state."   This question has not been directly passed upon by the United States Supreme Court.   It is

asserted that it must be decided in the light of decisions of the Supreme Court of the United States which, it is claimed, have resulted in "a rule of immunity from taxation by more than one state." These decisions hold that when the power to levy inheritance taxes is in question, intangibles are properly taxed at the domicile of their owner and are entitled to enjoy an immunity against taxation elsewhere. (*Farmers Loan & Trust Co.* v. *Minnesota,* 280 U. S. 204; *First Nat. Bank of Boston* v. *State of Maine,* 284 U. S. 312.) But in personal and income taxes domicile plays no necessary part. Residence at a fixed date has determined the liability for the tax. (*Bell* v. *Pierce,* 51 N. Y. 12.)

In the case of income taxes the court has said: "As to residents it [the State] may, and does, exert its taxing power over their income from all sources, whether within or without the state, and it accords to them a corresponding privilege of deducting their loses, wherever these accrue. As to non-residents, the jurisdiction extends only to their property owned within the state and their business, trade, or profession carried on therein, and the tax is only on such income as is derived from those sources." (*Shaffer* v. *Carter,* 252 U. S. 37, at p. 57.)

In passing upon the constitutionality of a statute, we are concerned only with its practical general operation, not with the precise effect of descriptive words which may be applied to a given case. (*Lawrence* v. *State Tax Commission,* 286 U. S. 276.) The definition of "resident" in the Tax Law (*supra*) presents no constitutional question. The question here is merely whether such definition rests on a fair or substantial basis. This question has no legitimate bearing upon any question raised under the Federal Constitution. The decision depends upon the general operation and effect of the statute. (*Shaffer* v. *Carter, supra,* p. 55.)

If Mr. Ryan became a resident within the meaning of the taxing statute, if the word is fairly capable of the

meaning the Tax Commission has given it, and the meaning so often given it in income tax legislation, then he had acquired an abode here " of no transient character and so long continued, and so substantial, as to be of a permanent nature " so that he became a resident for the purposes of taxation within the meaning of the statute. (*Bowring* v. *Bowers*, 24 Fed. Rep. [2d] 918, 923; cert. denied, 277 U. S. 608.) The statute in itself is quite valid under the Federal Constitution, as giving a legitimate definition to the word " resident."

In a certain sense every question as to the enforcement of a statute involves its constitutionality, but we have repeatedly held that that is not enough. An appeal upon the ground asserted here must present to us directly and primarily an issue determinable only by our construction of the Constitution. The decision below was not necessarily based directly on constitutional grounds. The court might have held merely that the definition of " resident " was proper on the facts presented. This is a question of interpretation not of constitutionality. (*People ex rel. Curtis* v. *Kidney*, 225 N. Y. 299, 304; *People ex rel. Moss* v. *Supervisors*, 221 N. Y. 367, 369; *Matter of Haydorn* v. *Carroll*, 225 N. Y. 84, 87.) Although it appears on the record that the Federal question was presented below (*Mellon* v. *O' Neil*, 275 U. S. 212), that is not conclusive on our right to review.

The appeal should be dismissed, without costs, as having been taken without right and without leave.

CRANE, KELLOGG and CROUCH, JJ., concur; LEHMAN and O'BRIEN, JJ., dissent and vote for affirmance; HUBBS, J., not sitting.

Appeal dismissed.