## C. N. Reynolds for Use of C. Walter Jones, Appellee, v. Earl Weakly et al., Appellants.

### Gen. No. 9,088.

Opinion filed January 17, 1938.

ROBERT I. PUGH, of Shelbyville, for appellants.

W. W. HARTSELL, of Shelbyville, for appellee; D. A. MILLIGAN, of counsel.

MR. JUSTICE RIESS delivered the opinion of the court.
Suit was filed in justice court for the use of C. Walter Jones, plaintiff appellee, against Earl Weakly and

two other defendants appellants, and judgment therein was entered by default, from which an appeal was taken to the county court of Shelby county wherein the case was tried *de novo* by the court without a jury, and judgment was entered in the sum of $500 in favor of plaintiff, from which an appeal was thereupon taken to this court.

From the evidence and exhibits appearing in the abstract and record herein, the facts in this case appear to be substantially as follows: In October 1930, appellant Weakly moved from his farm into the City of Shelbyville, and thereafter, in February, 1931, leased his farm together with certain cattle, horses and other livestock and farming equipment and products thereon to appellee Jones, who entered upon and operated the same for a brief time under an arrangement whereby Weakly received one half of the milk and was to receive one half of the farm products. During the month following, a new arrangement was made for the purchase of said livestock and equipment and operation of the farm by appellee as tenant of said appellant. Appellee gave a certain chattel mortgage on the property to secure an old indebtedness to one Firebaugh which was later foreclosed and all of said property was sold and bid in by said mortgagee. Thereupon appellant Weakly sued out a writ of replevin, wherein all of said property including two milk cows and a mare referred to in this suit were described. When the writ was served, the constable could not find or take into possession the two cows and mare in question, which had been removed from the premises by appellee without the knowledge or consent of appellant, to another farm upon which appellee was then living. This original replevin suit upon which recovery was had by appellant was filed on September 25, 1931, was heard in the circuit court of Shelby county at the October term, appealed to this court, and judgment reversed and cause remanded in January,

1933 (*Weakly v. Firebaugh*, 269 Ill. App. 123). It was retried in the circuit court and the property taken under the writ was awarded to the appellant Weakly, which judgment was later affirmed by this court upon appeal by the administratrix of the estate of said mortgagee Firebaugh, in an opinion filed on Jan. 14, 1935 (*Weakly v. Firebaugh*, 278 Ill. App. 634 [Abst.]), and rehearing denied on April 2, 1935.

During all of this time appellee Jones had retained possession of and fed and milked the two cows in question and used the gray mare in his farm work. He first paid pasture rent on appellant's farm, but removed therefrom prior to the filing of the replevin suit, and the mare and two cows were removed by him to another farm, and at all times thereafter appellee retained possession of and so fed and milked the two cows, using part of the milk and selling the remainder and kept and used the gray mare for work upon the farm to which he had removed. During the litigation in the above replevin suit, appellee had claimed that the property in dispute belonged to mortgagee Firebaugh and not to appellant, and all of the property was held adversely to the claims of appellant, in the replevin suit. After final disposition of that suit in his favor, appellant demanded possession of the two cows and mare in question, but appellee refused to surrender them, whereupon appellant sued out an additional writ of replevin and took possession of the stock in question. He dismissed this suit and paid the costs and thereupon appellee Jones filed suit on the replevin bond for damages alleged to have been sustained and due him as an agister to whom money was payable from appellant owner to appellee in the sum of $500 for feeding and caring for the three animals and so claiming an agister's lien under sections 42 and 43 of chapter 82, Ill. Rev. Stat. 1937; Jones Ill. Stats. Ann. 74.52, 74.53.

Upon a trial of this case by the county court without a jury, judgment was rendered in favor of appellee and against appellant in the sum of $500, from which judgment this appeal was taken.

The main contentions made by appellant in his assignments of error are that no contract, express or implied by the parties, existed upon which to base a lien or charge for money for the feeding and caring of the livestock in question; that a party cannot be made a debtor against his will and at the desire of his creditor; that the question of the rights of the respective parties was adjudicated in the former replevin suit, and that the judgment of the lower court is contrary to the law and the evidence.

It is conceded that the livestock in question was never paid for by appellee under the original arrangement; that he undertook to mortgage and dispose of the same without the knowledge or consent of the appellant; that he so removed the same from appellant's farm to another place and kept and used the livestock with his other cattle and horses on the farm to which he moved for general farming purposes; that he either used in his family or sold all of the milk produced by the two cattle and used the mare for farm work when its services were required; that he at no time conversed with the defendant or had any contract or understanding with him concerning the keeping and feeding of the animals on the farm to which they were removed and that he paid no rental and made no accounting for the use of same. He kept no account of the amount of the feed given to the animals, of the amount of milk produced, or the time for which he used the mare in his farm work.

It is apparent from the evidence that the animals were kept and fed by appellee entirely for his own use, during all of which time he was making claim to the livestock adverse to the rights of appellant herein. He

now says that he makes no claim to the livestock or to any interest therein except such claim as arises from his said statutory lien as an agister.

In the case of *Root v. Utter*, 173 Ill. App. 473, wherein appellant in that case sought to recover certain livestock held by appellee on his farm under claim of an agister's lien in the sum of $350 for feed furnished the stock, the court said: "The stock was fed by appellee at the farm during the time, and the work animals were used by him on the farm whenever their services were required. Appellee was never requested by Harbin or the mortgagees to pasture and feed the stock and there is no evidence they were left there for that purpose. Appellee knew Harbin had been restrained at the instance of his daughter from removing the stock. . . . He kept no account of the feed of the horses nor how much of the time he worked them. It is apparent from this testimony that appellee, if he was keeping the stock for anybody, it was for his daughter whose injunction writ restrained Harbin from taking it away and not as an agister for Harbin. . . . Appellee did not under the evidence come within the definition of an agister entitling him to a lien upon the property and it was error to give him such lien."

This court further held in that case that "It is elementary that one person cannot create another his debtor without that other's consent. *Dedman v. Williams*, 2 Ill. (1 Scam.) 154; *Durant v. Rogers*, 71 Ill. 121; *Wilton v. Tazwell*, 86 Ill. 29. A person cannot make another his debtor by performing labor for him against his wish and without his assent. *Alton v. Mulledy*, 21 Ill. 76. An agister is defined to be one who receives and pastures cattle for hire." *Howard Commission Co. v. National Live Stock Bank*, 93 Ill. App. 473.

There was no hiring here, but an attempt is made "to create another his debtor without that other's

consent." The facts in the case negative the existence
of either an express or implied contract upon which to
base a claim for an agister's lien under the statute in
question. Under facts showing that the livestock was
converted by the appellee to his own use against the
wish of the appellant as in the instant case, no agister's
lien would attach to secure the payment of a claim
against the appellant.

Section 42 of chapter 82, Ill. Rev. Stat. 1937; Jones
Ill. Stat. Ann. 74.52, concerning liens of stablekeepers
and agisters provides that "Stablekeepers and any
persons shall have a lien upon the horses, carriages
and harness kept by them for the proper charges due
for the keeping thereof and expenses bestowed thereon
at the request of the owner, or the person having the
possession thereof." Section 43 provides that "Agis-
ters and persons keeping, yarding, feeding or pastur-
ing domestic animals shall have a lien upon the animals
agistered, kept, yarded or fed, for the proper charges
due for the agisting, keeping, yarding or feeding
thereof." It is clear that the facts in this case do not
bring the appellee under the provisions of either of the
above sections and that the lower court was in error
in holding that the appellee had sustained damages as
an agister as claimed in his suit. There must be some
definite agreement, express or implied, relative to
feeding and caring for the animals in order to entitle
the claimant to the benefit of an agister's lien securing
payment of such claim. *Millikin v. Jones,* 77 Ill. 372;
*Root v. Utter,* 173 Ill. App. 473, 107 A. L. R. 1078;
*Durant v. Rogers, supra; Donofrio v. Watson Bros.,*
83 Wash. 41, 145 Pac. 75; *Thomas v. Mann,* 22 Wyo.
99, 135 Pac. 1088.

While it may well be conceded that in a proper case
such lien would attach (*Pearce v. Vittum,* 193 Ill. 192,
61 N. E. 1116) this court is of the opinion that under
the facts herein no lien existed in favor of the appellee

as an agister under the provisions of the statute and that the appellee was not entitled to recovery on his claim.

The judgment of the county court of Shelby county is therefore reversed and the cause remanded.

*Reversed and remanded.*